HORACE BAILEY *v.* ADDISON BUCK.

A receipt in full of all demands, given upon consideration of stifling a criminal prosecution, is void.

THIS was an action of assumpsit to recover a sum which the plaintiff claimed as due him for his services as clerk of the plaintiff. Plea, general issue.

On the trial in the county court it appeared that the defendant, who was a merchant, had agreed to pay the plaintiff a certain sum for his services, as clerk, and the parties at a certain time had a settlement, and the plaintiff executed a receipt to the defendant in full of all demands, and on that settlement the sum of three hundred and fifty dollars was deducted from the sum agreed to be paid the plaintiff for his services. Immediately after this settlement the plaintiff left the defendant's employ. The plaintiff offered evidence tending to show that said receipt was executed in consideration that the plaintiff would not disclose and publish certain acts of theft of which the defendant contended that the plaintiff had been guilty, and was, therefore, obtained by duress. The defendant offered evidence tending to show that the settlement was made on the ground that the defendant believed that plaintiff had taken, improperly at least, the amount deducted from the sum due for plaintiff's services, and that the same was made without any duress, and without any engagement or undertaking, on the part of the defendant, to compound a felony, and that there was no engagement or undertaking, on the part of the defendant, to conceal or not to prosecute the plaintiff for such alleged thefts ; and that, thereupon, on such settlement, such receipt was executed, and the defendant then and there paid to and settled with the plaintiff for a large sum as the balance remaining due him for his services. The defendant introduced evidence tending to show that the plaintiff had secretly and feloniously taken divers sums of money and other articles of property from the defendant. The defendant requested the court to charge the jury, that if they, under the direction of the court as to the law on that point, avoided the receipt, they might, under the declaration and pleadings, give the plaintiff such sum as he reasonably deserved

to have from a consideration of the facts in the case, as they might find them from the evidence before them.

But the court charged the jury that if the receipt aforesaid was executed voluntarily and with a full knowledge of all the circumstances, it was a discharge of the plaintiff's claim, unless the consideration, upon which it was executed, was an agreement on the part of the defendant to keep the transaction secret, and, thereby, to prevent or avoid a prosecution for felony ; and if the jury found the consideration of giving the receipt was, in whole or in part, an agreement that no prosecution should be had for the theft, it was void and would not prevent a recovery by the plaintiff ;—that if the receipt was found to be void, the plaintiff would be entitled to recover the sum agreed to be paid him for his services, from which the jury might deduct whatever sum the services were worth less, on account of any unfaithfulness on the part of the plaintiff.   The jury returned a verdict for the plaintiff for $160, and defendant excepted.

*E. L. Ormsbee* and *P. Smith*, for defendant.

The rule, *in pari delicto potior est conditio defendentis,* applies to this case, and the plaintiff cannot recover against the receipt.   2 Bl. Com. 156-7.   *Walker* v. *Ferrin,* 4 Vt. Rep. 523.   *Dixon* v. *Olmstead,* 9 Vt. Rep. 310.   5 Johns. Rep. 327.

*Briggs & June,* for plaintiff.

1. A receipt is nothing more than a *prima facie* acknowledgment that the money has been paid, and is open to be explained by testimony, and, although expressed to be in full of the demand, it is a satisfaction of the debt only so far as payment is made.   *Seeley et al.* v. *Spencer,* 3 Vt. Rep. 334.   *Fitch* v. *Sutton,* 5 East's Rep. 232.   2 Saund. P. & E. 268.   *Wright* v. *Allen,* 4 Vt. Rep. 572.

2. The payment of the sum of $350 by plaintiff to defendant, or the deducting that sum from the amount due to the plaintiff, was founded upon the consideration, that the defendant should keep the alleged theft a secret, and thereby prevent or avoid a prosecution, and was void.   *Mattocks* v. *Owen,* 5 Vt. Rep. 42.

The opinion of the court was delivered by

REDFIELD, J.—It is admitted that the plaintiff made out, in the court below, a good cause of action, unless prevented from

Rutland,
January,
1839.

Bailey
v.
Buck.

recovery by a receipt in full of all demands, given upon consideration of stifling a criminal prosecution. The consideration was manifestly illegal, At common law any contract is invalid which is in contravention of the precepts of religion or morality, or the rules of public decency. Co. Litt. 206, b. And it has been long settled that any contract, which has for its object any matter or thing which contravenes the express provisions of any statute, or is against sound policy, is void ; and the law will aid neither party in any redress sought, either upon the contract, or to recover back any payment made in furtherance of the illegal design. The policy of the law seems to have been to give no countenance to the illegal contract. Hence, money deposited with a stakeholder, upon an illegal wager, may be recovered back. But if the money has been actually paid over, the party is without redress ; thus holding out an inducement to the parties to recede from the unlawful design until the very moment of its consummation. But when once fully accomplished, the law does not attempt any redress. The case of Lancassade v. White, 7 Term R. 535, goes even further ; but that case is certainly one of questionable authority.

But where the money is not actually paid over, but only agreed to be passed in account, as in the present case, it will not avail the defendant. Edgar v. Towler, 3 East's R. 222. It is most manifest, that should we allow the present defence, it would be to give effect to the illegal contract, which can never be done by courts of justice.

Judgment affirmed.