## FORSHNER v. WHITCOMB.

A receipt in full of all demands, given upon consideration that the defendant would not molest the plaintiff on account of a certain rape which the plaintiff was charged with having committed, is void.

ASSUMPSIT. Writ dated September 6, 1860. The facts were agreed as follows: That the plaintiff labored for the defendant prior to the 4th day of September, A. D. 1860; that the defendant was on that day indebted to the plaintiff in the sum of seventy-five dollars for such labor; that on or about that day the defendant's minor daughter, then living with him, complained to her father that the plaintiff had committed upon her the crime of rape; that thereupon the plaintiff asked the defendant if it could not be settled and not go any further, to which the defendant replied that he had made up his mind what he would do, which was this: that if the plaintiff would give him a receipt in full for all demands, and leave the country, then the defendant would never molest the plaintiff on account of said rape; that the plaintiff then desired the defendant to give him ten dollars, to carry him out of the country, which the defendant did, and the plaintiff then signed a receipt in full of all demands, for which there was no consideration, so far as the sum of sixty-five dollars is concerned, except the defendant's promise not to molest the plaintiff on account of said crime of rape. Nothing was said at this time about a prosecution, in direct terms, except as was implied by the language and circumstances aforesaid.

The plaintiff did not go away, and on the 6th day of September, 1860, commenced this suit. The defendant caused the plaintiff to be prosecuted, after making some fruitless effort to induce the plaintiff to abandon this suit and leave the country, for the aforesaid crime of rape, and succeeded in convicting the plaintiff of that crime.

It was agreed that the plaintiff have judgment for the sum of sixty-five dollars, and interest thereon from date of the writ, unless the court shall be of the opinion that the receipt in full, given as aforesaid, in the manner aforesaid, and for the consideration aforesaid, is a valid discharge of the defendant's said indebtedness to the plaintiff.

*Woods & Binghams*, for the plaintiff.

*Farr*, for the defendants.

SARGENT, J.   The case finds that there was an honest indebtedness, in this case, to the amount of $75, only ten dollars of which has been paid, and this suit is brought to recover the balance of $65, and the defense is, that the plaintiff has given the defendant a receipt in full, since the indebtedness occurred, which is *primâ facie* a good answer to the plaintiff's claim.   But a receipt may be explained, varied, or contradicted by parol.   *Gleason* v. *Sawyer*, 22 N. H. 85; *Hersom* v. *Henderson*, 23 N. H. 498; *Edgerly* v. *Emerson*, 23 N. H. 555.   So such receipt may be shown to be untrue, and to have been given for a fraudulent purpose, in which both parties to it participated, and in an action between such parties.   *King* v. *Hutchins*, 28 N. H. 561.

So here the case finds that this receipt was given in fact when only ten dollars was paid, and that the only consideration for the other $65 was the defendant's promise "not to molest the plaintiff on account of said crime of rape."   It is suggested, in the defendant's argument, that here was a right of action by civil suit against the plaintiff for seduction, and that the consideration of this receipt was the settlement of those civil damages; but we should not so understand the words of the defendant's promise.   He is "not to molest the plaintiff on account of said crime of rape." This evidently has reference, if not wholly, at least principally and primarily, to the prosecution for the crime.   But suppose a part of the consideration was for the civil damages which the defendant was entitled to, yet if any part of the consideration was for compounding the felony, that would avoid the whole contract.   *Hinds* v. *Chamberlain*, 6 N. H. 225, and cases cited.

Was the defendant's promise not to molest the plaintiff for the crime of rape illegal?   We have no statute on that subject as they have in other states.   But *Chitty*, in speaking of considerations that are illegal at common law, makes two divisions, namely, those which are prejudicial to the community at large, and those which affect the person or interest of an individual.   And among those of the first class he enumerates dropping a criminal prosecution, suppressing evidence, soliciting a pardon, or compounding a felony, misdemeanor, or other public crime, unless it be with leave of the court. Chit. on Bills 83; Chit. on Con. 673–4.   And in Chitty on Cr. Law 4, it is said that any contract or security made on either of these considerations is invalid, and the reasons are stated on page 3, that persons having knowledge of the commission of high crimes, and having the power to prosecute them, "have no right to forgive the injury which society in general has sustained, or to deprive mankind of that security which can alone result from the proof, detection and punishment of those by whom it is broken."

Here was no criminal prosecution commenced, and the only agreement was not to molest the plaintiff for the crime; but such a promise, upon such a consideration, clearly amounts to compound-

ing the felony. *Blackstone,* in describing the offense of *theft bote,* 4 Com. 133, says, it "is where the party robbed not only knows the felon, but also takes his goods again, or other amends, upon agreement not to prosecute. This is frequently called compounding of felony, and formerly was held to make a man accessory; but it is now punished only with fine and imprisonment." This perversion of justice, in the old Gothic constitutions, was liable to the most severe and infamous punishments, and by statute (25 Geo. 2, ch. 36) even to advertise a reward for the return of things stolen, with no questions asked, or words to the same purport, subjected both the advertiser and the printer to the forfeiture of fifty pounds each.

So Chief Baron *Hale* says, "A hath goods stolen by B. If A receive his goods again simply, without any contract to favor him in his prosecution, or to forbear prosecution, this is lawful; but if he receive them upon agreement not to prosecute, or to prosecute faintly, this is *theft bote,* punishable by imprisonment and ransom; but yet it makes not A an accessory." 1 Hale's P. Cr. 619; 1 Hawk. P. Cr., ch. 59, sec. 5; Whart. Am. Cr. L. 530. So in any case of felony, the receiving of amends upon an agreement not to prosecute, constitutes the compounding of the felony, which, being a misdemeanor at common law, any note or contract founded on such a consideration is invalid between the parties thereto. *Commonwealth* v. *Pease,* 16 Mass. 91; *Collins* v. *Blantern,* 2 Wilson 341; S. C. 1 Smith's Lead. Cas. 154; *Clark* v. *Ricker,* 14 N. H. 44. Hence the receipt, given by the plaintiff in this case, being founded on an illegal consideration, is void, and the original indebtedness remains, which, being an honest debt, and not connected with the illegal contract, can properly be recovered in this suit. *Bailey* v. *Buck,* 11 Vt. 252.

*Judgment for the plaintiff.*