*Windham,*
*August,*
*1797.*

BADGER *vs.* WILLIAMS.

If the suppression of evidence, in a criminal prosecution, constitute any part of the consideration of a contract, such contract is void.

THIS was an action of *assumpsit* on a promissory note given by the defendant to the plaintiff for the sum of £29, dated September 5, 1794.

Plea—*Non Assumpsit.*

*Paine,* for the defendant, stated in defence, that before the execution of the note, the plaintiff's daughter had sworn a rape on the defendant's son, who was under bonds for trial before the Supreme Court.—That an action of trespass had been commenced against the son for the injury. A proposal was made for settling the private injury for which the action had been commenced against the son; and it was finally agreed that the daughter should not appear to give evidence on the criminal prosecution against the son, and that the defendant should secure to the plaintiff fifty pounds in satisfaction of the injury.—Accordingly, the defendant, to make a settlement for his son, gave the note on which this action is brought, and one other note, amounting in the whole to fifty pounds; and the plaintiff executed at the same time, and as part of the same settlement a bond to the defendant in the penal sum of £100, conditioned that the daughter should not appear to give evidence against the defendant's son, in said criminal prosecution before the Supreme Court.

It appeared in evidence that the plaintiff came to the house of the defendant for the purpose of making a settlement of the matter before stated; and both parties stated before the witnesses that they had made a settlement.—That the defendant, for the injury done by his son to the plaintiff's daughter, gave his notes to the plaintiff, and that plaintiff agreed that his daughter should not appear before the Supreme Court to give evidence against the defendant's son, and that he agreed to give the defendant a bond conditioned to that effect.—That the defendant said he would not sign the notes unless the plaintiff would give the bond.—That the notes and bond were executed accordingly.—That the note on which the present action is brought is one of the notes thus executed.

Windham,
August,
1797.

Badger
vs.
Williams.

*Bradley*, for the plaintiff, contended that there was no connection between the note and the bond.—That the notes were given for the injury done to the daughter—a lawful consideration; the bond was given on a separate consideration, and was void, as the consideration was illegal.   But that cannot effect the notes given on a legal consideration, as a compensation for so atrocious an injury.

*Paine*, for the defendant, contended that however just the compensation for the injury might be, yet, that was not the whole consideration in this case—one part of the consideration was to acquit the son from a criminal prosecution then pending against him, by suppressing the evidence of the plaintiff's daughter against him. The defendant would not sign the notes but on that consideration; and to induce the defendant to sign, the plaintiff executed the bond. This infects the whole transaction.

CHIPMAN, Ch. J. gave the following charge to the Jury : There are, in this case, two questions—one of fact, and the other of law.— The question of fact for the Jury to decide is, whether the two notes given by the defendant to the plaintiff of which the note in question is one, and the bond, which was at the same time executed by the plaintiff to the defendant, were parts of the same transaction mutually connected; or in other words, whether the bond was in whole or in part a leading consideration or inducement to the defendant in giving the notes.

After stating the evidence in the case, he observed—It is difficult to disconnect the notes and the bond even in idea.—They were made at the same time, between the same parties, and relative to, and for the settlement of the same matters.   Though the plaintiff said that the notes must be paid although his daughter should appear as a witness against the defendant's son, yet the defendant would not sign the notes but on condition that the plaintiff would execute the bond; and the bond was executed, and the notes were signed. The execution of the bond then by the plaintiff was a part of the mutual compromise then made; and must, under the circumstances of a pending prosecution for a most enormous crime against the defendant's son, have been a most powerful inducement to the defendant to sign the notes.   If the fact be so, the law on this point is clear.   The suppression of evidence in criminal prosecutions is clearly criminal; it is an indictable offence.   An agreement to sup-

press evidence in a criminal prosecution is an agreement to commit a crime which deeply effects publick justice, and the peace and good order of the community. An illegal consideration effects every part of a contract, with which it is connected, and renders it void. It is so even when it effects innocent persons, who happen to be interested in such contract—much more is it so, between the parties who have made the commission of a crime the consideration of such contract. This, if we may trust the evidence which has been given, (and the material facts have not been contested) is the case with the present plaintiff.

*Windham,*<br>August,<br>1797.<br><br>Badger<br>*vs.*<br>Williams.

Verdict for the defendant.