Parker, C. J.
The question of evidence, and that on the motion in arrest of judgment, are in this case substantially the same. [ * 93 ] If the taking of a promissory note, as a reward *"for compounding a felony, is punishable at common law, then an indictment, which sets forth that fact, is good,
The objection is, that, the facts alleged and proved do not constitute the offence anciently called theft bote, now more commonly *79 compounding a felony; and the definition of the offence by Sergeant Hawkins, and other writers on the criminal law, has been resorted to in support of the objection. What is that definition ? Judge Blackstone, in the place referred to, says, “ Theft bote is where the party robbed not only knows the felon, but also takes his goods again, or other amends, upon agreement not to prosecute.” Now the question is, whether a promissory note of hand will satisfy the terms other amends (4).
It is argued that it will not, because such a note will be void in law, and in fact nothing may ever be received. But there seems to be no reason for this nice and critical construction of the words. The note, although voidable, is in fact of value to the holder, until it is avoided. It may never be disputed. Indeed it would be hazardous ever to dispute it, for the promisee would then be released from his engagement not to prosecute ; so that he holds a coercive power over the maker of the note, as strong as the law-.
But, further, what is the gist of the offence ? It is the concealing of the crime, and abstaining from prosecution, to the detriment of the public. Now, if a man is induced to this by the promise of money, and actually takes an obligation for the money, every thing necessary to constitute him criminal in the eye of the law seems to he done (5).
It has been said in argument, that this is like the cases which have been decided, where officers have been charged with taking more than their lawful fees ; and the taking of a promissory note for such fees has been held not to be a receiving, within the meaning of the statute. We apprehend that the cases are not parallel. Those are statute offences, and consist in demanding and receiving more than lawful fees. The fees may never be received, if * credit is given for them; and the essence of the offence, [ * 94 ] *80 which is the receiving, will never have occurred. But here the amends are only an incident to the crime, which consists principally in smothering a prosecution, and screening an offender from justice. All that the law requires is, that it should appear to be for the sake of gain, and not merely from weak or compassionate motives, and this probably is the reason why it is necessary to allege that any thing has been received, by way of inducement to the commission of the offence (6).

Motions overruled.

 [Chief Baron Hale says, “ A. hath goods stolen by B. If A. receive his goods again simply without any contract to favor him in his prosecution, or to forbear prosecution, this is lawful; but if he receive them upon agreement not to prosecute, or to prosecute faintly, this is theft bote—1 Hale, P. C. 619. —Ed.]

 [Compounding a felony is a misdemeanor at common law; compounding in-formations on penal statutes without the leave of the Court, a misdemeanor against public justice, and is provided for by 18 Eliz. ch. 5; and to compound a misdemean- or, without the leave of Court, is (as it would seem) also illegal. (5 East, 294; 2 Bing. 258; but see 1 Jac. Rep. 126. —4 Bl. Com. 134, note by Christian.)—In some cases of public offences which have more immediately injured a private individual, as batteries and libels, if the public remedy by prosecution be adopted, the Court will sometimes permit a reference (Baker vs. Townsend, 1 J. B. Moore, 120. —7 Taunt 442. —Blanchard vs. Lilly, 9 East, 497. —Rex vs. Moate, 3 Bar. & Adol. 237), or allow the defendant, even after conviction, to speak (as it is termed) with the prosecutor before any judgment is pronounced; and a trivial punishment will be inflicted if the prosecutor declare himself satisfied, or if, in other words, an adequate apology or compensation has been made (4 Bl. C. 363-4. —1 Moore, 120. —2 Sim. Stu. 372. —1 Dow. N. S. 519); but Jiis permission does not extend, it seems, to felonies (2 Sim. & Stu. 372).—Ed.]

 [A promissory note given after trial and conviction for a misdemeanor, and Tjg fore sentence, in pursuance of a recommendation by the Court to compromise the mat ter, is valid. —Kirk vs. Strickwood, 1 Neu. & Mann. 275. —Bealy vs. Wingfield, 11 East, 46. —Edgecomb vs. Rodd, 5 East, 294. —1 Smith, 515. —Ed.]