## THE PEOPLE *vs.* BUCKLAND.

A party indicted for *compounding* a *larceny*, and agreeing to *withhold ev-
idence,* cannot plead the *acquittal* of the person charged with the larce-
ny in bar of his own *conviction.*

In the case of principal and accessary, the *acquittal* of the principal *it seems*
would be admissible evidence in defence of the accessary, though it would
not be *conclusive* in bar of a conviction; but in the case of an indictment
for *compounding* a crime and agreeing to withhold evidence, the acquit-
tal of the principal offender would not be competent evidence in defence.

ERROR from the Monroe general sessions. The defendant
was indicted for *compounding* a *larceny* alleged to have been
committed by one *Jane Hart,* in stealing goods and chattels,
the property of the defendant Buckland. The indictment
contains three counts: in the first it is charged that the de-
fendant compounded the offence, and received $25 as a reward
for the same, and for *desisting from the prosecution* of the of-
fender, and that he accordingly did desist, &c. The second
count charges that he received $25 as a reward for *concealing
the offence,* and that he did conceal, &c. And the third count
charges that he received $25 as a reward for *withholding evi-
dence* of the offence, and that he did withhold such evidence,

&c. The defendant pleaded specially that *Jane Hart* had been *indicted* for the offence specified in the indictment against the defendant, and had been *tried* and *acquitted*, wherefore he prayed judgment, &c. To this plea the district attorney of Monroe *demurred*, and the defendant joined in demurrer. The general sessions adjudged the plea bad. The defendant sued out a writ of error.

*J. A. Spencer,* for the defendant, insisted that the plea of the *acquittal* of the person charged to have committed the larceny, was a bar to the indictment. At common law, the principal must be tried before the accessary, and though our statute has altered the rule in this respect, so that an accessary may be tried before the principal, yet if the *principal* is first tried and *acquitted*, it is impossible that the *accessary* can be *convicted.* If no larceny was perpetrated, the offence of *compounding* the crime cannot have been committed. The record of *acquittal* is as conclusive as a record of *conviction*, 3 *Wheat.* 316, and the record is conclusive in this case upon *the people*, for they were *parties* to it. The counsel cited and commented upon the following cases : 2 *Hawk.* 439, 40 ; 1 *Phil. Ev.* 247, 229 ; 14 *Johns. R.* 79 ; 2 *Chitty's Cr. L.* 220 ; 3 *Esp. N. P. C.* 133 ; 1 *Starkie's Ev.* 224 ; *Archb. Cr. L.* 376.

*Greene C. Bronson,*(attorney-general,)for the people. The rule of the common law, that a principal must be tried before the accessary, is not applicable to this case ; and even that rule is only that the principal shall be first *tried*—not *convicted.* The very nature of the case shows that the *conviction* of the principal cannot be necessary to the conviction of the accessary, as the failure to convict may have been the direct result of the offence of *compounding.* Allowing the record of *acquittal* to be admissible evidence, it is not *conclusive* ; for it would not prevent the public prosecutor, on the trial of the defendant to show, notwithstanding the acquittal, that a crime had in fact been committed. The acquittal is mere matter of evidence, which may be rebutted, and therefore cannot be pleaded in bar. The record of acquittal is not conclusive ; it is not between the

NEW YORK, *same parties* ; it is not *mutual.* The *conviction* of the princi-
May, 1835. pal offender would not be conclusive upon the present defen-
The People dant ; he might notwithstanding show that no offence had been
v. committed ; and if so, the *acquittal* should not be conclusive
Buckland. upon the people. In 18 *Johns. R.* 352, the court received a
record of conviction in support of a plea of justification in an
action of slander,but they allowed the plaintiff,notwithstand-
ing the record, to show that he had been erroneously convicted.

   *By the Court,* SUTHERLAND, J. The plea is clearly bad.
The record of acquittal of Jane Hart, if evidence at all for the
defendant,was not conclusive ; it was at most but *prima facie*
evidence, and liable to be rebutted. It could not, therefore,
be pleaded in bar. The general rule is, that verdicts and
records bind only parties and privies ; that they are not ad-
missible in evidence against a stranger, who was no party to
the former proceedings, who had no opportunity to examine
witnesses or to appeal against the judgment. They must also
be mutual. No person can use a verdict or judgment, for his
advantage, against whom it could not have been evidence,
had it gone the other way, 1 *Phil. Ev.* 245, 247, 250 ; and if
it would have been only *prima facie* evidence,if against him
it cannot be conclusive when in his favor. *Rep. temp. Holt,*
134*Bull.N. P.* 233. *Gilb. Ev.* 232 ; *Peake's Ev.*38. *Dutch-
ess of Kingston's case,* 11 *State Trials,* 198. *Case* v. *Reeve
and others,*14 *Johns. R.*79. 4 *Cowen,* 458. There are many
exceptions to this general rule, relating however principally
to matters of public right, such as a right to toll, a custom-
ary right of common, or a public right of way, &c. 1 *Phil.
Ex.* 253. 1 *East,* 357. 5 *T. R.* 413. 1 *East,* 355. *Peake's
N. P. C.* 219, 156. 1 *Dougl.* 222. On such questions, a ver-
dict between A. and B. is evidence of the point directly involv-
ed in it, and determined by it, in an action between other par-
ties, where the same precise point is the matter in issue ; but
in such a case the verdict and judgment are not conclusive.
but mere matter of evidence. *Biddulph* v. *Ather,* 2 *Wils.*
23, 4. *Cowper,* 111.
   Upon an indictment against an an *accessary,*a record of con-
viction for felony against the principal is admissible evidence

to show that the felony has been committed; but it is not conclusive against the accessary, because as to him it is *res enta alios acta*. *Foster's Disc.* 364,5. 3 *Campb.* 265. 1 *Leach's C. C.* 288. 1 *Phil. Ev.* 248. And it is competent for the accessary, notwithstanding the conviction, to prove the principal innocent. *Cook* v. *Field*, 3 *Esp. N. P. C.* 134. This subject was considered by this court in *Maybee* v. *Avery*, 18 *Johns. R.* 352. That was an action of slander. The words laid in the declaration were, " *You are a thief, you stole my hens.* " The defendant pleaded the general issue, with notice of special matter, justifying the truth of the charge; and upon the trial, he produced a record of conviction before three justices of the peace, at a court of special sessions, by which it appeared that the defendant was convicted before them of stealing two hens of the defendant, and was fined \$7. The evidence was objected to as incompetent, but it was admitted by Chief Justice Spencer, who tried the cause. The plaintiff then offered to show that the evidence on which he was convicted was false, and that he in fact owned the two hens. This was objected to on the ground that the record of conviction was conclusive until reversed. The objection was sustained, and the evidence rejected. Upon a motion for a new trial, on a case made, it was held that the record of conviction was admissible in evidence, but that it was only *prima facie*, and that the plaintiff should have been allowed to disprove the fact, and to give evidence of the falsity of the testimony on which the conviction was founded. The opinion of the court was delivered by Judge Spencer; and after stating the general rule, that in order to render a verdict and judgment competent evidence, it must be on the *same point*, and between the *same parties or privies*, and give the reason on which the rule is founded, he adverts to the exception to the rule which has already been noticed, to wit, that where the matter in dispute is a question of public right, all persons standing in the same situation as the parties are affected by it; and he remarked, that in his opinion a verdict on an indictment formed another exception and upon the same principle. That the public was the party aggrieved, the prosecution was carried on by their officer, and that any person might, when necessary, avail himself

of a conviction. He observed that the plaintiff in that case could not complain, for he had an opportunity to cross-examine the witnesses, and to produce his testimony, and to reverse the judgment if erroneous ; but that the verdict was not conclusive, and the plaintiff should have been allowed to repel it. This case only decides that a verdict and judgment, on an indictment, are competent *prima facie* evidence against *the defendant in the indictment.* But the principle laid down by Judge Spencer makes them competent evidence upon the point involved, even between strangers to the original proceedings ; and this I am inclined to think is the true rule. Mr. Justice Buller takes a distinction between the effect of a conviction and of an acquittal, as evidence of the fact involved in the issue, if it afterwards comes collaterally in controversy in a court of civil jurisdiction. He says a *conviction* in such a case would be *conclusive* evidence, but an *acquittal* would not, for an acquittal ascertains no fact as a conviction does. Judge Story, in *Gelston* v. *Hoyt*, 3 *Wheat.* 316, questions the solidity of this distinction ; and it certainly seems to conflict with the principle that the rule of evidence must be *reciprocal;* and of course, if a conviction would be conclusive evidence in favor of the party using it, an acquittal should be equally conclusive against him. Judge Spencer in *Maybee* v. *Avery*, above cited, quotes the observation of Buller, but does not express any opinion as to its correctness. Nor is it necessary in this case for me to go into a consideration of the question. It is clear that the acquittal pleaded in this case was at most but *prima facie* evidence, and that it therefore could not be pleaded in bar.

But I am inclined to think that, under the circumstances of this case, the acquittal was not competent evidence at all for the defendant. The third count of the indictment alleges that the defendant exacted and received $25 as a reward *for withholding evidence of the offence so committed by the said Jane Hart*, and that he did and hitherto hath witheld such evidence. For the purposes of this case, the truth of this allegation is admitted. The defendant then seeks to avail himself of an acquittal which was or may have been produced by his own criminal act, in order to protect himself against a criminal prosecution for such offence. It falls within the principle, that

a conviction cannot be given in evidence by a party who was <span>NEW YORK,</span> a witness in the prosecution ; for it is impossible to say what <span>May, 1835.</span> influence his testimony had in producing the verdict. 18 <span>The People</span> *Johns. R.* 354. 1 *Phil. Ev.* 259, 60. <span>v.</span>