Strafford, }
Dec., 1897. }

### STATE *v.* CARVER.

The compounding of a public misdemeanor by a private individual is an indictable offence at common law.

The agreement not to prosecute for a consideration constitutes the offence; and the party may be convicted though no offence liable to a penalty has been committed by the person from whom the consideration is received.

Ignorance of a fact may sometimes be taken as evidence of a want of criminal intent, but not ignorance of the law.

INDICTMENT, charging that the defendant, on the second day of September, 1897, at, etc., "with force and arms, under color and pretence that one Frank E. Fernald had committed an offence against the statutes of this state relating to the sale of spirituous liquors, in this, that the said Frank E. Fernald had before that time, to wit, on the twenty-ninth day of March, eighteen hundred and ninety-seven, not being an agent of any town for the purpose of selling spirit, sold to one whose name he would not reveal, one quart of spirituous liquor, contrary to the form of the statutes in such case made and provided, unlawfully and for the sake of wicked gain, and without the order and consent of the attorney-general of said state, did make composition with the said Frank E. Fernald, and exact and take of him the sum of thirty dollars for forbearing to prosecute for said supposed offence, to the great hindrance of public justice, and against the peace and dignity of the state." Verdict, guilty.

The defendant moved to quash the indictment because it described the offence for which he made composition with said Fernald as a "supposed" offence. The motion was overruled, and the defendant excepted.

It appeared from the evidence for the state that on August 31, 1897, the defendant went to Fernald and informed him that he had a case against him for the illegal sale of liquor; that the defendant read the law to Fernald and told him if he would

settle it would save him a good many dollars; that for thirty dollars he would destroy the evidence, which was a bottle of liquor; that he would prosecute unless thirty dollars was paid, and the fine would be fifty dollars and the costs twenty-five dollars; that subsequently Fernald paid him thirty dollars as demanded, and that thereupon the defendant turned the liquor into the sink, gave Fernald the bottle, and wrote and delivered to him a paper as follows : " Milton, N. H. Sept. 2, 1897. This is to certify that I promise to withdraw all further action against Frank E. Fernald for illegal sale of liquor March 29, 1897. F. E. Carver."

The defendant offered no evidence. His counsel admitted the facts to be substantially as claimed by the state, and said the defence was that the defendant had no intention of violating the law. The court ruled that if the defendant knew what he was doing and did what he intended to do, it was immaterial what his opinion was as to the legal effect of what he was doing, and it would be no defence that he did not know he was violating the law. To this ruling the defendant excepted.

*William F. Nason*, solicitor, for the state.

*Edgerly & Mathews* and *Felker & Gunnison*, for the defendant.

BLODGETT, J. Whatever diversity of opinion there may justly be as to the policy of the liquor laws of this state, it cannot be doubted that their violation is a grave misdemeanor against public justice, nor that its compromise with the offender by a private individual is both pernicious and illegal.

" Misdemeanors are either *mala in se*, or penal at common law, and such as are *mala prohibita*, or penal by statute. Those *mala in se* are such as mischievously affect the person or property of another, or outrage decency, disturb the peace, injure public morals, or are breaches of public duty." 4 Am. & Eng. Enc. Law 654.

There being in this state no statute prohibiting the composition of misdemeanors, and the body of the common law and the English statutes in amendment of it, so far as they were applicable to our institutions and the circumstances of the country, having been in force here upon the organization of the provincial government and continued in force by the constitution, so far as they are not repugnant to that instrument, until altered or repealed by the legislature (*State* v. *Rollins*, 8 N. H. 550 ; *State* v. *Albee*, 61 N. H. 427), the first inquiry is whether such composition was an indictable offence at common law.

While decisions upon this precise point are lacking, the language of the books is general that the taking of money or other

reward to suppress a criminal prosecution, or the evidence necessary to support it, was an indictable offence at common law; and although the English cases may not all be reconcilable with this view, it would seem that when the offence compounded was one against public justice and dangerous to society it was indictable, while those having largely the nature of private injuries, or of very low grade, were not indictable. See *Johnson* v. *Ogilby*, 3 P. Wms. 277; *Fallowes* v. *Taylor*, 7 T. R. 475; *Collins* v. *Blantern*, 2 Wils. 341, 348, 349; *Rex* v. *Stone*, 4 C. & P. 379; *Keir* v. *Leeman*, 6 Q. B. 308, 316–322,— *S. C.*, on error, 9 Q. B. 371, 395; *Rex* v. *Crisp*, 1 B. & Ald. 282; *Edgcombe* v. *Rodd*, 5 East 294, 303; *Rex* v. *Southerton*, 6 East 126; *Beeley* v. *Wingfield*, 11 East 46, 48; *Baker* v. *Townsend*, 7 Taun. 422, 426; *Bushel* v. *Barrett*, Ry. & M. 434; *Rex* v. *Lawley*, 2 Stra. 904; Steph. Cr. L. *67; 3 Wat. Arch. Crim. Pr. & Pl. 623–10, 623–11; 1 Russ. Cr. 136; 1 Ch. Cr. L. (3d Am. ed.) 4; 1 Bish. Cr. L. (7th ed.), *ss.* 710, 711; Dest. Cr. L., *s.* 10 *b*; 4 Wend. Bl. Com. 136, and note 18.

In this restricted sense, we are of opinion that the taking of money, or other reward or promise of reward, to forbear or stifle a criminal prosecution for a misdemeanor, was an indictable offence by the common law, the same as it unquestionably was for a felony (*Partridge* v. *Hood*, 120 Mass. 403, 405, 406, 407), and that it has always been so understood and received here, as well as in other jurisdictions. *Plumer* v. *Smith*, 5 N. H. 553, 554; *Hinds* v. *Chamberlin*, 6 N. H. 229; *Severance* v. *Kimball*, 8 N. H. 386, 387; *Hinesburgh* v. *Sumner*, 9 Vt. 23, 26; *Badger* v. *Williams*, 1 D. Chip. 137, 138, 139; *State* v. *Keyes*, 8 Vt. 57, 65–67; *State* v. *Carpenter*, 20 Vt. 9; *Commonwealth* v. *Pease*, 16 Mass. 91; *Jones* v. *Rice*, 18 Pick. 440; *Partridge* v. *Hood, supra; State* v. *Dowd*, 7 Conn. 384, 386.

Certainly, there is no ground to contend that the offence is any less pernicious and reprehensible under our form of government than under that of the mother country, or that, as a part of the body of the common law, it was inapplicable to our institutions and circumstances at the time of the organization of our provincial government, or in any manner repugnant to the constitution or to our present institutions and circumstances. Indeed, the absence of any statute upon the subject of the composition of misdemeanors sufficiently shows the general understanding in this state, for it cannot reasonably be supposed that so infamous an offence would have been permitted to go unpunished for want of statutory enactment unless it had been understood generally that under our common law none was necessary.

But not only did the defendant, in consideration of a reward, compound a public misdemeanor, and suppress and destroy the material evidence necessary to support it, he also defrauded the

revenue by depriving the public of that portion of the pecuniary penalty to which they are entitled for a violation of the liquor laws; and this of itself is a sufficient ground on which to sustain an indictment at common law. *Rex* v. *Southerton*, 6 East 126; 1 Russ. Cr. *134.

In view of these conclusions, it is unnecessary to examine the question argued by counsel as to whether or not the case falls within the statute of 18 Eliz., *c.* 5 (made perpetual by 27 Eliz., *c.* 10, and amended as to punishment by 56 Geo. III, *c.* 138), by which it was enacted that if any person " by colour or pretence of process, or without process upon colour or pretence of any matter of offence against any penal law, make any composition, or take any money, reward, or promise of reward," without the order or consent of some court, " he shall stand two hours in the pillory, be forever disabled to sue on any popular or penal statute, and shall forfeit ten pounds."

The motion to quash the indictment because it describes the offence for which composition was made as a " supposed offence," was properly denied. " The bargain and acceptance of the reward makes the crime " (*State* v. *Duhammel*, 2 Harr. 532, 533); and in such a case, " the party may be convicted though no offence liable to a penalty has been committed by the person from whom the reward is taken." *Reg.* v. *Best*, 9 C. & P. 368,— 38 Eng. C. L. 220; *Rex* v. *Gotley*, Russ. & Ry. 84; *People* v. *Buckland*, 13 Wend. 592; 1 Russ. Cr. *133, 134; 3 Arch. Crim. Pr. & Pl. 623–11.

The ruling that " if the defendant knew what he was doing and did what he intended to do, it was immaterial what his opinion was as to the legal effect of what he was doing, and it would be no defence that he did not know he was violating the law," was manifestly correct. "A man's moral perceptions may be so perverted as to imagine an act to be right and legal which the law justly pronounces fraudulent and corrupt; but he is not therefore to escape from the consequences of it." Bump Fr. Conv. (3d ed.) 25. " Ignorance of a fact may sometimes be taken as evidence of a want of criminal intent, but not ignorance of the law " (*Reynolds* v. *United States*, 98 U. S. 145); and " in no case can one enter a court of justice to which he has been summoned in either a civil or criminal proceeding, with the sole and naked defence that when he did the act complained of, he did not know of the existence of the law which he violated." 1 Bish. Cr. L. (7th ed.), *s.* 294.

It is elementary, as well as indispensable to the orderly administration of justice, that every man is presumed to know the laws of the country in which he dwells, and also to intend the necessary and legitimate consequences of what he knowingly does. If there are cases in which the application of these pre-

sumptions might operate harshly, the admitted facts amply demonstrate that this case is not such an one.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.