Hillsborough
No. 81-132

THE STATE OF NEW HAMPSHIRE

v.

PHILIP A. FRANCOEUR

May 12, 1982

*Gregory H. Smith*, attorney general (*Brian T. Tucker*, assistant attorney general, on the brief and orally), for the State.

*Gall, Shapiro & Groff*, of Nashua (*William J. Groff* on the brief and orally), for the defendant.

BROCK, J.   The defendant was charged with the unlawful possession of a narcotic drug (cocaine) with the intent to sell, in violation of RSA 318-B:26 I(a)(1) (Supp. 1981). After a jury-waived trial in the Superior Court (*Cann*, J.), he was found guilty, and, on this appeal, he argues that the evidence produced at trial by the State was insufficient to sustain his conviction under RSA 318-B:26 I(a)(1) (Supp. 1981). We agree and therefore reverse.

Late on the night of September 3, 1980, after obtaining a search warrant based on information obtained from informants, several police officers went to search a residence on Wood Street in Nashua. When they arrived at the house, they knocked on the rear door. The defendant's mother yelled out that the defendant was not home. After they identified themselves as police officers, however, she allowed them inside. One of the police officers immediately went to a second-floor bedroom which the affidavit in support of the search warrant mentioned as the defendant's bedroom, the door of which was secured by a dead-bolt lock. The officer was told by the persons in the house at the time—the defendant's parents, his brother, and two unidentified individuals—that none of them had a key to the upstairs bedroom. The defendant was not present. The police forced the bedroom door open and discovered some cocaine and drug paraphernalia, as well as magazines and letters addressed to the defendant and a checkbook bearing his name.

██ In order to prove possession of a controlled drug, the State must prove beyond a reasonable doubt that the defendant: (1) had knowledge of the nature of the drug; (2) had knowledge of its presence in his vicinity; and (3) had custody of the drug and exercised dominion and control over it. *State v. Fossett*, 119 N.H. 155, 156, 399 A.2d 966, 967 (1979). Where the State does not find the defendant in actual physical possession of a controlled drug, it must prove constructive possession. *Id.* at 156, 399 A.2d at 967.

At trial, the only evidence produced to link the defendant to the bedroom where the drugs were discovered were the following: the police officers' testimony that they found some magazines and letters addressed to the defendant, and a checkbook bearing his name

in the upstairs bedroom; photographs of the cocaine and drug paraphernalia; and the testimony of the police officers that no one present in the house at the time of the search had a key to the searched bedroom, and that, when they first arrived at the Wood Street residence, the defendant's mother yelled "Phil is not home."

The State did not produce the magazines, letters, or checkbook, nor did it present evidence concerning the dates of the magazines and letters, or of activity in the checking account. It failed to indicate what, if any, address appeared on these items. There was no evidence as to how the items came to be in the room, or how long they had been there. There was no other evidence that the defendant used this particular bedroom, or resided at the Wood Street residence or even visited the premises. No key to the bedroom door was ever produced.

■■ We hold that the evidence produced by the State shows only that the defendant *may* have occupied the bedroom at some time, but that it is insufficient as a matter of law to prove his possession of the controlled substances found in the bedroom. Viewing all of the evidence in a light most favorable to the State, we conclude that on the evidence presented no trier of fact could have found beyond a reasonable doubt that the defendant was in possession of the controlled drugs in violation of RSA 318-B:26 I(a)(1) (Supp. 1981). *State v. Martin*, 121 N.H. 1032, 1034, 437 A.2d 308, 309 (1981).

In light of the result reached, we need not address other issues raised by the defendant.

*Reversed.*

All concurred.