Hillsborough
No. 84-160

THE STATE OF NEW HAMPSHIRE

v.

GARY WESTOVER

August 15, 1985

*Gregory H. Smith*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief and orally), for the State.

*Sakellarios and Associates*, of Manchester (*Jean-Claude Sakellarios* on the brief, and *Kathleen Mulcahey-Hampson* orally), for the defendant.

BROCK, J. The defendant, Gary Westover, brings an interlocutory appeal, under RSA 490:4 and Supreme Court Rule 8, from the Superior Court's (*Flynn*, J.) denial of his motion to suppress evidence seized from his home pursuant to a search warrant. At issue is whether the affidavit supporting the application for the search warrant contained sufficient facts to support a finding of probable cause to search under the fourth amendment to the Federal Constitution. We affirm the ruling of the superior court.

On April 13, 1983, Captain Paul Brodeur of the Manchester Police Department received information from someone he had known for several years regarding a message this person had heard on a telephone answering machine. The message stated, "624-4988, the pound is in, we also got your heroin, come on over [sic]." The police inferred that the number was a telephone number and found that it was a private Manchester listing in the name of the defendant, Gary Westover of 178 Mitchell Street, who is a paraplegic. The police confirmed this information in the city directory and census lists. In addition, a police inquiry revealed that "624-4988" was a number frequently called by subjects of an ongoing drug traffic investigation, being conducted by the State Police and the Federal Drug Enforcement Administration. Police spoke to several unidentified neighbors of the defendant who stated that there were frequent visitors to his apartment at all hours.

Based on these facts, an affidavit in support of a search warrant was presented that same afternoon to the Manchester District Court (*Capistran*, J.), who granted the application for the warrant. The defendant's apartment was searched and several items were seized, including a Sturm Ruger .357 revolver, drug paraphernalia, fourteen hundred dollars ($1,400), four bags of marijuana weighing more than one pound, and Diazapan pills.

Although the defendant refers to part I, article 19 of our State Constitution in his brief, we do not consider its application in this case because it was not relied upon in the defendant's motion to suppress. We will not consider on appeal issues or arguments not raised below. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

The defendant argues that the affidavit in support of the warrant to search his apartment did not establish probable cause under the fourth amendment. He contends that under the "totality of the circumstances" test enunciated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213 (1983), the affiant failed to establish the informant's reliability and basis of knowledge and that the police did not compensate for these deficiencies by corroboration or independent information.

In *Gates*, the Court abandoned the two-pronged *Aguilar-Spinelli* test in favor of a "totality of the circumstances" approach in deciding whether or not there is probable cause to issue a search warrant. *Id.* at 230. Rather than analyzing both the veracity of the informant and the basis of knowledge independently, so that a deficiency in one is fatal to finding probable cause, *Gates* uses both factors as relevant considerations, to be assessed along with additional information. The magistrate then makes a "practical, common-sense judgment" to determine whether or not probable cause exists. *Id.* at 244.

█ Since then, the Supreme Court has clarified its position in *Gates* and stated that the "two-pronged test" has not been refined or qualified, but rather has been rejected as being "hypertechnical." *Massachusetts v. Upton*, 104 S. Ct. 2085, 2087 (1984). The affidavit must be considered in its entirety and no single piece of evidence need be conclusive. *Id.* at 2088.

█ The veracity and reliability of the informant are still highly relevant. *Gates*, 462 U.S. at 230. Admittedly, in the present case, it is questionable whether the basis of knowledge of the informant was sufficiently established. The affidavit stated merely that the person who informed Captain Brodeur of the taped message was a "reliable person whom [he had] personally known for several years."

In the present case, nonetheless, the police corroborated the informant's statement in several ways: first, by concluding that 624-4988 was probably a phone number, and second, by establishing that it belonged to a particular private individual occupying a private residence. Also, police investigation confirmed that the defendant's phone number was the same as one linked to an ongoing drug investigation by the Federal Drug Enforcement Administration. Finally, neighbors of the defendant reported that people visited the apartment "at all hours of the day and night." These corroborative facts, by themselves, "at least suggested" that drugs could be found at the defendant's residence. *Gates, supra* at 243; *Draper v. United States*, 358 U.S. 307, 313 (1959).

█ The defendant contends that there is no basis to believe that the neighbors' testimony regarding the activity described at his residence is reliable and that such activity is basically an innocent detail, especially since the defendant is a paraplegic and relies on others for assistance to perform simple bodily functions. *Gates*, however, looks to the "degree of suspicion" which flows from the particular activity rather than the activity itself. *Id.* The detail must be viewed comprehensively, in light of all the other information provided. While no single piece of evidence may be conclusive, if the

pieces seem to fit neatly together, the magistrate may find probable cause that evidence of a crime may be found at the defendant's home. *Massachusetts v. Upton, supra* at 2088.

■■ Even if there were insufficient substantiation of the reliability and credibility of the informant, there would remain a substantial likelihood of finding drugs at the defendant's residence. *See State v. Marcotte,* 123 N.H. 245, 248, 459 A.2d 278, 280 (1983). Assuming that this is a doubtful or marginal case as to whether probable cause existed, "marginal cases should be largely determined by the preference to be accorded warrants." *United States v. Ventresca,* 380 U.S. 102, 108–09 (1965). *See Illinois v. Gates,* 462 U.S. at 236. Accordingly, we hold that the evidence contained in the affidavit was sufficient to support a finding of probable cause.

*Affirmed and remanded for trial.*

All concurred.