Cheshire
No. 88-268

THE STATE OF NEW HAMPSHIRE

v.

JAMES L. STRATTON

December 8, 1989

452

*John P. Arnold*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*Robert J. Moses*, of Amherst, by brief and orally, for the defendant.

BROCK, C.J. The defendant, James L. Stratton, was convicted after a jury trial in Superior Court (*Contas*, J.) of six counts of being a felon in possession of a firearm, RSA 159:3 (Supp. 1988), and one count of possession of a controlled drug, subsequent offense, RSA 318-B:2, :26 (Supp. 1988). He argues on appeal that: (1) the State should not have been allowed to proceed on multiple indictments; (2) RSA 159:3 (Supp. 1988), as applied in this case, is unconstitutional; (3) evidence seized pursuant to the execution of two search warrants should have been suppressed; and (4) there was insufficient evidence to support guilty verdicts. For the reasons set forth below, we affirm.

On August 19, 1987, Jamie Stratton went to the Jaffrey police station as a result of a domestic dispute with her father, the defendant. She requested a police escort out of town and informed the police that the defendant was in possession of firearms. The police discovered in their investigation that the defendant had two prior felony convictions, one in 1975 for aggravated assault, and another in 1979 for cultivating marijuana. The police solicited a written statement from Jamie Stratton, which was submitted in support of an affidavit seeking a search warrant for the defendant's residence. The search warrant was issued and, as a result of the search, the police seized seven firearms. They also observed marijuana in one of the bedrooms and in a vehicle parked at the residence. These observations led to the submission of another affidavit, the issuance of a second search warrant and the seizure of controlled drugs.

The defendant was subsequently indicted on seven counts of being a felon in possession of a firearm, RSA 159:3 (Supp. 1988), and two counts of possession of a controlled drug, subsequent offense, RSA 318-B:2, :26 (Supp. 1988). After considering several pretrial

motions filed by the defendant, the court suppressed the admission of evidence seized in the vehicle and certain statements made by him. The court otherwise denied the defendant's motions, and he was convicted on six counts of being a felon in possession of a firearm and one count of possession of a controlled drug, subsequent offense.

The defendant raises numerous arguments on appeal.

I. *Multiple Indictments*

The defendant contends that the State's prosecution of six indictments for being a convicted felon in possession of a firearm was unnecessarily multiplicitous. He argues that the possession of the six firearms was a single, continuous act which should not have been fractionalized for purposes of prosecution. He asserts that the collective indictments suggested a criminal undertaking of greater significance than the offense committed and were therefore inflammatory and prejudicial. He further asserts that the indictments impermissibly subjected him to multiple sentences for the same offense. The defendant submits that the failure of the trial court to dismiss the multiple indictments and require the State to proceed on a single indictment constitutes reversible error as a matter of law.

Multiple indictments are permissible only if "proof of the elements of the crimes *as charged* will in actuality require a difference in evidence." *State v. Bailey*, 127 N.H. 811, 813, 508 A.2d 1066, 1068 (1986) (quoting *Heald v. Perrin*, 123 N.H. 468, 473, 464 A.2d 275, 278 (1983)) (emphasis in original); *see State v. Elbert*, 128 N.H. 210, 512 A.2d 1114 (1986). This "difference in evidence" test has been adopted by this court as the benchmark for evaluating double jeopardy claims under the New Hampshire Constitution. *State v. Bailey*, 127 N.H. at 813, 508 A.2d at 1068; *see* N.H. CONST. pt. I, art. 16.

We do not agree with the defendant's assertion that satisfactory proof of the commission of the alleged offense as to one firearm would produce the same result as to each of the remaining firearms. In order to meet its burden of proof on each of the indictments, the State was required to produce evidence of possession of each of the six individual firearms. Applying the difference in evidence test, we conclude that the elemental evidence required for each indictment was different and that, therefore, prosecution of the six separate charges does not violate the double jeopardy clause of the New Hampshire Constitution.

In arguing that only one crime was committed, the defendant relies heavily upon *Bell v. United States*, 349 U.S. 81 (1955), which held that, although a defendant transported two women over a State line for immoral purposes, the defendant was guilty of only one violation of the Mann Act. In attempting to determine whether it was the crossing of a State line or the transporting of a woman which constituted the unit of prosecution, the Court held that, where a legislative body did "not fix the punishment for [an] offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses. . . ." *Id.* at 84. Thus, our review of the defendant's double jeopardy claim under the United States Constitution requires us to consider the legislature's articulated intent. *State v. Bailey*, 127 N.H. at 814, 508 A.2d at 1069.

In the present case, the legislature phrased the statute, RSA 159:3 (Supp. 1988), in such a manner as to make ownership, possession or control of each weapon a separate offense. The provisions of the statute are unambiguous and consistently singular; no convicted felon "shall own or have in his possession or under his control a pistol, revolver, or any other firearm." RSA 159:3 (Supp. 1988). If the legislature had intended possession, regardless of the number of weapons, to be the unit of prosecution, it could have phrased the statute accordingly; *e.g.*, "it is unlawful for felons to possess one or more pistols, revolvers or any other firearms."

Having considered the defendant's double jeopardy claim under both the State and Federal Constitutions, we hold that each firearm possessed or controlled by the defendant was the legitimate subject of a separate indictment. This is consistent with our prior ruling in *State v. Bailey*, 127 N.H. 811, 508 A.2d 1066, where, after having conducted a similar analysis, we affirmed two convictions for negligent homicide arising from a single incident of driving while intoxicated.

The defendant has raised the issue of the prejudicial effect created at trial by the six indictments. He contends that the trial court erred in denying his motion to compel the prosecution to elect a single indictment and to dismiss the remaining five. In support of this argument, the defendant relies upon *State v. Allison*, 126 N.H. 111, 489 A.2d 620 (1985), where we acknowledged that the trial court has authority to require the State to elect fewer than all the charges or to quash some of them. *State v. Allison*, 126 N.H. at 114, 489 A.2d at 622. However, in *Allison*, this authority was directed toward eliminating the threat of prejudice created when the State brings multiple charges or indictments when seeking a

single conviction. *Id.* at 113, 489 A.2d at 621. That is not the defendant's situation, as we have already determined that each of the indictments charged a separate offense supported by different evidence.

■ We find no convincing reason why the State should have been required to discontinue prosecuting any of the charged offenses. We hold that the trial court did not abuse its discretion in allowing the State to proceed on all six indictments.

■ Because we hold that each indictment was based upon a distinguishable violation of the statute and represented a separate offense, the defendant's further claim that he was subject to multiple sentences for the same offense is without merit.

## II. *Constitutionality of Statute*

■ The defendant contends that RSA 159:3 (Supp. 1988), as applied in this case, is unconstitutional and offers several arguments in support of his position. However, grounds of objection not brought to the attention of the trial court will not be considered for appellate relief. *State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988). Thus, we will limit the scope of our examination to claims preserved on the record before us.

A review of the record, in particular the motion to dismiss and supporting oral argument, reveals that the defendant failed to preserve a constitutional claim. Although the defendant made reference to overbreadth and vagueness, *see State v. Pike*, 128 N.H. 447, 514 A.2d 1279 (1986) (where RSA 159:3 (Supp. 1985) was found to be neither overbroad nor vague), he failed to specify which constitutional provisions were allegedly being violated, and he neglected to state whether his claims were founded upon State or federal grounds. Because the defendant failed to articulate a specific constitutional provision, we will not perform, therefore, either a State or a federal constitutional analysis. *State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986); *State v. Westover*, 127 N.H. 130, 131, 497 A.2d 1218, 1219 (1985).

Having found that the defendant failed to preserve a constitutional claim, we do note that the defendant's assertions of overbreadth and vagueness, both below and on appeal, are obviously meant to refer to the failure of the statute to specify the mental state necessary to commit the criminal offense.

■ New Hampshire law does not permit conviction of a felony absent proof that a person acted either purposefully, knowingly, recklessly or negligently, as the particular statute may require,

with respect to each material element of the offense. RSA 626:2, I. However, the failure of the legislature to provide for the specific culpable mental state required for a crime does not mean that the statute is necessarily unenforceable. *See State v. Aldrich*, 124 N.H. 43, 466 A.2d 938 (1983). When the culpable state of mind has been omitted from a statute, the State must prove the existence of the mental state which is appropriate in light of the nature of the offense and the policy considerations for punishing the conduct in question. *State v. Aldrich*, 124 N.H. at 47, 466 A.2d at 940.

Although RSA 159:3 (Supp. 1988) fails to specify which state of mind is required to be proven with respect to the crime of felon in possession of a firearm, the legislature has made a statutory determination of when possession constitutes a voluntary act for purposes of committing a crime: "Possession is a voluntary act if the possessor *knowingly* procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." RSA 626:1, II (emphasis added). "Knowingly" is defined in our Criminal Code as follows: "A person acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such a nature or that such circumstances exist." RSA 626:2, II(b).

We hold, in light of the nature of possession and the policy considerations in favor of barring felons from possessing firearms, that "knowingly" is the appropriate culpable mental state for violation of RSA 159:3 (Supp. 1988). The prosecution was required to prove that the defendant knowingly owned, possessed or controlled the firearms and that he was a convicted felon.

The defendant extends his argument and asserts that the "knowing" state of mind should be applied not only to the elements of the crime, but to the existence of the crime as well. The defendant contends that it was the obligation of the State to prove that he was aware that it was a crime for a felon to possess firearms.

Ignorance of the law is no excuse. *See State v. Carver*, 69 N.H. 216, 39 A. 973 (1897). "It is elementary, as well as indispensable to the orderly administration of justice, that every man is presumed to know the laws of the country in which he dwells, and also to intend the necessary and legitimate consequences of what he knowingly does." *Id.* at 219, 39 A. at 975. This legal axiom is further supported by statute. "Neither knowledge nor recklessness nor negligence as to whether conduct constitutes an offense or as

to the existence or meaning of the law defining the offense is an element of such offense, unless the law so provides." RSA 626:2, V. Mistake as to law is a defense only when the mistaken belief is founded in such reliable sources as legal enactments, administrative orders, judicial decisions or official written interpretations of the law. RSA 626:3, II.

We note that the trial judge, in accordance with the defendant's proposed jury instructions, instructed the jury that "the State must prove beyond a reasonable doubt that the defendant knew that as a convicted felon he was prohibited from possessing firearms at the time of the alleged possession." The jury, apparently finding that the defendant knew that he was prohibited from possessing firearms, convicted the defendant despite the fact that this standard subjected the State to proof beyond that which is required by law.

■■■ We conclude that the defendant preserved no claim for review on appeal as to the constitutionality of RSA 159:3. The failure of the statute prohibiting felons from possessing firearms to state a specific culpable mental state does not prevent prosecution of the defendant. Finally, the defendant's assertion that he was ignorant of the law was not a valid defense and, in any event, is contrary to the findings of the jury.

## III. *Search Warrant*

The defendant argues that the trial court erred in denying his pretrial motion to suppress evidence obtained as a result of the first search warrant. He claims that the written statement given to police by his daughter was obtained upon condition that it would not be used against him. The defendant contends that the subsequent use of the statement in procuring the search warrant was improper and that the failure of the police to disclose to the judge issuing the warrant the circumstances under which the statement was obtained constituted an impermissible misrepresentation. Because of this alleged misconduct and misrepresentation, the defendant argues that the resulting evidence should be suppressed.

■ The defendant's claim of misconduct is based upon his assertion that the police coerced the written statement from Jamie Stratton. The trial court, in ruling upon the defendant's pretrial motion, determined that this assertion was groundless. The trial court arrived at this conclusion after having conducted an evidentiary hearing at which both the defendant's daughter and

police officers testified as to the circumstances surrounding the statement. We will defer to the findings of the trial court unless no reasonable person could have come to the same conclusion after weighing the conflicting evidence. *See State v. LaCasse*, 129 N.H. 651, 653, 531 A.2d 327, 329 (1987). Having reviewed the record, we affirm the trial court's finding that the written statement was not coerced.

The defendant bases his claim of misrepresentation on the failure of police to disclose to the judge who issued the search warrant their alleged misconduct in coercing the written statement. Since we have affirmed the trial court's finding that there was no coercion, there can be no misrepresentation of that fact. Therefore, we need not address the effect of such a misrepresentation had it occurred.

 We affirm the trial court's finding that there was no misconduct or misrepresentation, and we hold that the evidence obtained by the police as a result of the search warrant was properly admitted into evidence.

## IV. *Sufficiency of Evidence*

The defendant makes three claims with regard to the sufficiency of the evidence. First, he asserts that the evidence was insufficient to support the jury verdict as to the indictment alleging possession of a controlled drug, subsequent offense. Second, he asserts that the evidence was insufficient to support the convictions for being a felon in possession of a firearm. And third, he argues that the evidence presented by the State was insufficient to infer guilt beyond a reasonable doubt as to any or all indictments.

 A common standard can be applied in evaluating all three of the defendant's claims. In determining the sufficiency of evidence, this court views the evidence in the light most favorable to the State, including all reasonable inferences drawn therefrom. *State v. Stauff*, 126 N.H. 186, 189, 489 A.2d 140, 142 (1985). The defendant bears the burden of showing that no rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Amell*, 131 N.H. 309, 311, 553 A.2d 286, 288 (1988).

 In the first claim, the defendant alleges that the prosecution failed to provide evidence of the necessary nexus between the defendant and the drug in order to establish possession. "In order to prove possession of a controlled drug, the State must prove beyond a reasonable doubt that the defendant: (1) had knowledge of the nature of the drug; (2) had knowledge of its presence in his vicinity; and (3) had custody of the drug and

exercised dominion and control over it." *State v. Francoeur*, 122 N.H. 386, 387, 445 A.2d 1095, 1096 (1982). Where the State does not find the defendant in actual possession of a controlled drug, it must prove constructive possession. *Id.*

The defendant did not own the house in which the marijuana was found. However, evidence was presented at trial that the police had observed the defendant in the bedroom where the drug was discovered. The defendant acknowledged that he shared the bedroom with his former wife, the owner of the house. The defendant admitted that he knew the marijuana was in the bedroom. A wallet and prescription containers belonging to the defendant were found adjacent to the marijuana. Based upon the evidence presented, we find that the jury was entitled to find the defendant guilty beyond a reasonable doubt of possessing a controlled drug.

The defendant's second contention is that the evidence was insufficient to overcome his defense that he was unaware of the law barring felons from possessing firearms. As we have already stated, the defendant's ignorance of the law does not excuse his criminal liability. Therefore, we need not consider this claim further and find that the evidence was sufficient to find the defendant guilty beyond a reasonable doubt of being a felon in possession.

Finally, the defendant argues that the trial court erred in not granting the defendant's motion to dismiss at the close of the State's case. The defendant would have us view the trial judge's comment that the State had "just barely surmounted their burden" as meaning that the State had failed to provide evidence sufficient for a jury to find guilt beyond a reasonable doubt. We decline to adopt the defendant's interpretation. Regardless of the trial court judge's assessment of degree, there is no evidence that he applied the incorrect standard in determining whether the State had met its burden.

After reviewing the record in the context of all three of the defendant's arguments, we hold that the evidence, when viewed in the light most favorable to the State, including reasonable inferences therefrom, was sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

*Affirmed.*

All concurred.