# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2016-0394, State of New Hampshire v. Derek Sacco, the court on May 15, 2017, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The defendant, Derek Sacco, appeals his conviction, following a bench trial in Circuit Court (LeFrancois, J.), on charges of operating a vehicle under the influence of alcohol, see RSA 265-A:2, I (2014), and of conduct after an accident, see RSA 264:25 (2014). He contends that the evidence was insufficient to convict him of either charge.

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences from it in the light most favorable to the State. State v. Sanborn, 168 N.H. 400, 412 (2015). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. Id. When reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. Id. at 413. The trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. Id. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo. State v. Cable, 168 N.H. 673, 677 (2016).

We first address the sufficiency of the evidence to prove that the defendant operated a vehicle under the influence of alcohol. RSA 265-A:2, I, provides, in pertinent part, that "[n]o person shall drive or attempt to drive a vehicle upon any way . . . [w]hile such person is under the influence of intoxicating liquor." The defendant challenges the sufficiency of the evidence to establish that he was "under the influence" of alcohol at the time he drove a vehicle and struck a parked vehicle on a public street. To prove that the defendant was under the influence, the State need only prove that he was impaired to any degree. State v. MacDonald, 156 N.H. 803, 804 (2008).

The police officer who investigated the accident scene opined that the defendant failed to negotiate a curve in the street, on the grounds that: (1) there were no tire tracks on the pavement showing any maneuvering or braking; and (2) the tire tracks in the grass, between the street and the sidewalk where the

defendant's vehicle came to rest, were consistent with driving straight down the street without turning. He further testified that, when leaving the street, the defendant's vehicle had struck the vehicle parked at the curb, rendering both vehicles "undrivable."

The arresting police officer, who encountered the defendant walking away from the accident, testified that: (1) the defendant stated that he had hit a parked car; (2) the defendant's breath smelled of alcohol; (3) the defendant admitted to having consumed alcohol earlier in the evening; (4) the defendant stumbled when stepping from the sidewalk onto the street; (5) the defendant failed all three field sobriety tests (FSTs) that the officer administered; (6) the defendant had difficulty following directions on one of the tests and made two errors when attempting to count sequentially; and (7) the defendant refused to take a breath test, see RSA 265-A:10 (2014).

The defendant argues that the officer incorrectly scored the one-leg-stand FST because, although the officer testified that "everybody has a little bit of movement" during the test, the officer identified the defendant's "swaying" as a clue that he was impaired. However, the officer testified that he distinguished between "slight movement" and "a sway."

The defendant argues that the officer incorrectly scored the walk-and-turn FST because the officer identified that the defendant "stepped off the line" as a clue, but at the hearing, which was more than 18 months after the accident, the officer could not recall if he had directed the defendant to walk on a line painted on the street. However, the officer testified that there were lines painted on the street in the area where he chose to conduct the FSTs and that he assumed he had the defendant walk on one of them because he did not "know why [he] would use a fictitious line if there was [sic] painted lines."

To the extent that the defendant argues that the State did not establish temporal proximity between the accident and his arrest, he failed to make this argument to the trial court. See Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 69-70 (2012). Even if this argument were preserved, the defendant told the arresting officer that he had not consumed any alcohol since he had left his friend's home at midnight. Thus, any lapse of time between the accident and the defendant's arrest would have resulted in the defendant being less impaired. See State v. Stern, 150 N.H. 705, 709 (2004) (noting blood alcohol content diminishes over time).

The defendant argues that: (1) he explained that he drove off the street and crashed into the parked car because "some type of an animal ran in front of him"; (2) "all other traditional indicia of alcohol impairment were absent"; (3) the officer's report characterized the defendant's stumble off the sidewalk as "slight," and, 18 months after the fact, the officer could not describe the action; (4) the officer observed only the minimum number of clues to show impairment on each

2

FST; (5) the officer could not describe the defendant's improper turn on the walk-and-turn FST; (6) the defendant's posture did not "waiver" during the horizontal gaze nystagmus (HGN) test; and (7) the defendant was consistently cooperative. However, none of these points compelled the trial court to reach a different verdict.

The defendant likens this case to State v. Lorton, 149 N.H. 732 (2003), overruled in part by State v. Kelley, 159 N.H. 449, 454 (2009). However, our decision in Lorton has been limited to its precise facts, viewed in context. MacDonald, 156 N.H. at 806-07. In Lorton, the defendant performed only two FSTs, but here the defendant failed three FSTs, including the HGN test, which was not administered to the Lorton defendant. See Lorton, 149 N.H. at 733. Moreover, in Lorton, the FSTs "were conducted under less than ideal conditions," id. at 735, while here the officer testified that he conducted the FSTs in a well-lit area that was free of debris.

Accordingly, considering all the evidence and all reasonable inferences from it in the light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of the crime of operating under the influence beyond a reasonable doubt. See Sanborn, 168 N.H. at 412.

We next address the sufficiency of the evidence to prove that the defendant did not properly conduct himself after the accident. RSA 264:25 requires a driver involved in an accident resulting in damage to another vehicle to immediately stop and give his information to the owner of the other vehicle or to a police officer at the scene or, if that is not possible, to give it "immediately to a police officer at the nearest police station." RSA 264:25, I.

The arresting officer testified that: (1) "[d]ispatch advised [him] that the operator of the vehicle was walking away from the vehicle"; (2) as the officer drove past him, the defendant made no effort to attract the officer's attention; (3) when the officer asked the defendant what was going on, the defendant responded, "nothing"; (4) when the officer then asked whether the defendant had "just" gotten into an accident, the defendant said that he had; (5) the defendant had a working cell phone with him; and (6) the defendant stated that he was walking home, that he had not informed anyone about the accident, and that he did not intend to call the police.

The defendant argues that the purpose of RSA 264:25 is to identify the driver and that abandoning his vehicle on the sidewalk was an "unorthodox way" to satisfy the statute. We disagree. The defendant argues that when, at the end of his post-arrest interview, he stated "that he had made a mistake," he meant that "the way he thought [the statute] could be satisfied was a mistake on his part." However, the defendant's statement supports a number of other reasonable inferences, including that his "mistake" was in not reporting the accident. To the extent that the defendant argues that the State did not prove

3

that he knew he needed to contact anyone after an accident, actual knowledge of the statute's requirements is not an element of the crime.  Cf. State v. Stratton, 132 N.H. 451, 457 (1989) ("Ignorance of the law is no excuse.").

The defendant argues that he informed the officer of the accident as soon as the officer stopped him.  However, the officer testified that the defendant made no effort to flag him down or to report the accident when the officer first spoke to him.  The defendant argues that he did not attempt to avoid the officer or provide false information.  However, this did not compel a different result.

Accordingly, considering all the evidence and all reasonable inferences from it in the light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of the crime of conduct after an accident beyond a reasonable doubt.  See Sanborn, 168 N.H. at 412.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**