Larry CAMPBELL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 09A02–0001–CR–31.

Court of Appeals of Indiana.

Aug. 21, 2000.

Michael Boonstra, Public Defender of Cass County, Logansport, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

After a bench trial, Larry Campbell was convicted of two counts of possession of cocaine,[1] both as Class A felonies, possession of marijuana,[2] as a Class A misdemeanor, and carrying a handgun without a permit within 1000 feet of school property,[3] a Class C felony. He now appeals and raises the following issues for review:

I.  Whether his convictions for two counts of possession of cocaine violate double jeopardy.

II. Whether the trial court erred in admitting evidence obtained from a search of his person.

---

1.  *See* IC 35–48–4–6. Both counts were elevated to class A felonies because Campbell possessed cocaine within 1000 feet of school property.

2.  *See* IC 35–48–4–11.

3.  *See* IC 35–47–2–23.

III. Whether the trial court erred in admitting hearsay testimony.

We remand with instructions to vacate the second conviction for possession of cocaine and affirm the other convictions.

### FACTS AND PROCEDURAL HISTORY

On January 21, 1998, at Campbell's residence, Campbell gave a confidential informant (CI) a quantity of crack cocaine. The two agreed that the CI would sell the cocaine, return $390 to Campbell for the sale, and keep the remaining proceeds for herself. Police later gave the CI $390 in marked, photocopied bills to pay Campbell for the crack cocaine that he had advanced her. On January 22, 1998, the CI returned to Campbell's residence to give him the $390 and to obtain additional crack cocaine. The police placed the residence under surveillance during this transaction. Shortly after the CI left Campbell's residence, Campbell exited the residence.

The police then arrested Campbell between the curb and the sidewalk in front of his residence. As the officers approached Campbell, he threw aside the jacket he was carrying. Police found a pistol and 27.8 grams of marijuana in Campbell's jacket and 9.2 grams of crack cocaine in Campbell's shirt pocket.

After the police placed Campbell under arrest, they secured a search warrant for the residence. The detectives found 10.23 grams of cocaine inside the residence.

At trial, over Campbell's illegal search and seizure objection, the court admitted into evidence the 9.2 grams of crack cocaine that had been found in Campbell's shirt pocket. The court also admitted the 27.8 grams of marijuana into evidence, which had been found in Campbell's jacket, over Campbell's foundational objection. Campbell was convicted and now appeals.

### DISCUSSION AND DECISION

First, Campbell contends that the trial court erred when it convicted him of two counts of possession of cocaine. He maintains that he possessed cocaine only once, although police found cocaine both on his person and in his house. We agree.

■ Under Article I, Section 14 of the Indiana Constitution, "a person may not be put in jeopardy twice for the same offense." Two or more offenses constitute the "same offense" in violation of Article I, Section 14 if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State*, 717 N.E.2d 32, 49–50 (Ind.1999).

■ Here, under both the actual evidence test and the decisions of this court pre-dating and unaffected by *Richardson*, Campbell can be convicted of only one count of possession of cocaine where the possessions charged and proven were simultaneous.

In *Young v. State*, 564 N.E.2d 968, 972 (Ind.Ct.App.1991), we held that it was error to convict the defendant of two counts of possession of cocaine for the single act of simultaneous possession of two packages of cocaine where one package was found on the defendant's person and a second in a search of defendant's car several hours after arrest. Notwithstanding the delay in discovering the second package of cocaine, the court concluded that the possession of the two was simultaneous and that the defendant could be convicted of only one possession offense.

We are particularly persuaded by the reasoning of Judge Shields' separate concurring opinion on rehearing:

"Young's double jeopardy protection is breached by multiple convictions based upon the location Young had the cocaine which he simultaneously possessed, be it in part in his left trousers' pocket and in part in his right trousers' pocket, or in part in his right trousers' pocket and in

part underneath the car seat on which he sat, or, as here, in part on his person and in part in a spray can in his car from which he was removed immediately following the vehicle's stop. The essence of the offense of possession is the possession. Thus, just as the simultaneous possession of a stolen watch and a stolen wallet constitutes but one offense of theft, so too, the possession of the cocaine on a particular occasion is but one offense; the effect of the accumulated quantity possessed is to aggravate the possession rather than to break it into multiple possessions."

*Id.* at 973.

So, too, here, Campbell's possession of the cocaine on his person and at his residence was simultaneous. That possession constitutes but one offense.

Secondly, Campbell contends that the trial court erred in admitting the 9.2 grams of cocaine and 27.8 grams of marijuana that both were seized from his person. He argues that the evidence resulted from an illegal search of Campbell's person and thus was inadmissible.

■■■ The Fourth Amendment of the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Generally, a judicially issued warrant is a condition precedent to a lawful search and seizure. *Strangeway v. State,* 720 N.E.2d 724, 727 (Ind.Ct.App.1999). An exception to the warrant requirement exists for a search performed incident to arrest. *Id.* A police officer may arrest an individual without a warrant if the police officer has reasonable and probable cause to believe that person has committed a felony. *Fyock v. State,* 436 N.E.2d 1089, 1093 (Ind.1982).

■■ Here, the police had probable cause for Campbell's arrest because the CI had purchased cocaine from Campbell. Thus, since the police had probable cause to arrest Campbell, the search falls under the search incident to arrest exception and, therefore, was not unconstitutional. Accordingly, the trial court did not err in admitting evidence from the search of Campbell's person.

Finally, Campbell argues that the trial court erred in admitting a school principal's testimony regarding ownership of the school building, over Campbell's hearsay objection. Campbell argues that because the school principal admitted he had never seen a warranty deed of the school, his testimony as to ownership of the school was hearsay and could thus not be used to establish that he possessed cocaine and carried a handgun without a permit within the 1000 feet of school property; therefore, the evidence was insufficient to elevate his crimes of possession of cocaine and carrying a handgun without a permit.

■■ "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Testimony from a witness regarding his own personal knowledge is not hearsay. *Baker v. State,* 439 N.E.2d 1346, 1350 (Ind. 1982). Here, the school principal testified from his own personal knowledge as to ownership of the school building for which he was employed to oversee and in which he had worked for several years. Thus, his testimony was not hearsay. Accordingly, the trial court did not err in admitting the school principal's testimony.

Affirmed in part and vacated in part.

BAKER, J., and RILEY, J., concur.