Vaidik, Chief Judge.
Case Summary
Indiana Code section 35-47-4-5 provides that “[a] serious violent felon who possesses a firearm commits unlawful possession of a firearm by a serious violent felon” (“SVF”). In Taylor v. State, 929 N.E.2d 912 (Ind. Ct. App. 2010), trans. denied, we held that our General Assembly’s use of the singular phrase “possesses a firearm” means that a serious violent felon who possesses more than one firearm has committed more than one offense. Consistent with that holding, Arrion Walton was convicted of multiple counts of SVF (along with various drug crimes) after being found in possession of multiple firearms: Today we reaffirm Ta/ylor arid uphold Walton’s SVF convictions. However, we find that Walton’s sixty-four-year sentence is inappropriate, and we remand this matter to the trial court for imposition of a sentence of forty-two years.
Facts and Procedural History
On five days in early 2015—January 30, February 2, April 8, April 23, and May 8—the Tippecanoe County Drug Task Force used a confidential informant to purchase cocaine from Walton. Then, on May 11, the police conducted searches at two apartments Walton was renting on two different floors of the same building. In the downstairs apartment, in which Walton was residing, officers found cocaine and a Bersa handgun. In the upstairs apartment, officers found additional cocaine, a Ruger handgun, and a Phoenix Arms handgun.
With regard to the five controlled cocaine buys, the State charged Walton with five counts of dealing in cocaine: one Level 2 felony for the April 23 transaction, three Level 3 felonies, and one Level 4 felony. The State also charged him with the lesser-included offense of possession of cocaine as to each of the five buys. Furthermore, in relation to the search on May 11, the State charged Walton with six additional counts: ‘ Level 2 felony dealing in cocaine—possession with intent to deliver (based on the cocaine found in the downstairs apartment), Level 3 felony possession of cocaine (based on the cocaine found in the upstairs' apartment), Level 2 felony conspiracy to commit dealing in cocaine, Level 6 felony maintaining' a common nuisance, and two counts of Level 4 felony unlawful possession of a firearm by a serious violent felon (“SVF”) (one based on the Bersa found in the downstairs apartment and one based on the Ruger and the Phoenix Arms found in the upstairs apartment). In addition, the State accused Walton of being a habitual offender based on his prior felony convictions.
Walton was found guilty of all the charges listed above and was found to be a habitual offender. In sentencing Walton, the trial court distinguished the convictions relating to the controlled buys from the convictions relating to the search on May 11. Regarding the charges arising from the five controlled buys, the trial court merged the possession counts into *681 the dealing counts and entered convictions and sentences on the dealing counts only. On the most serious dealing count, the Level 2 felony (Count IX), the trial court imposed a sentence of twenty-four years, enhanced by ten years based on thé habitual-offender-finding, for a total of thirty-four years. The court imposed shorter sentences for the other four dealing convictions and ordered them to run concurrently with the thirty-four-year sentence for the Level 2 felony.[1]
As for the convictions arising from the search, the trial court imposed sentences of twenty-four years for dealing in cocaine—possession with intent to deliver, thirteen years for possession of cocaine, twenty-four years for conspiracy to commit dealing in cocaine, two years for maintaining a common nuisance, and eight years for each SVF count. However, the court also found that these six offenses constituted an “episode of criminal , conduct” subject to a maximum total sentence of thirty years under Indiana Code section 35-50-1-2(c), and it sentenced Walton accordingly. The trial court then ordered that thirty-year sentence to run consecutive to the thirty-four-year sentence for the controlled buys, for a total sentence of sixty-four years.
Walton now appeals.
Diseussion and Decision
Walton contends that his two SVF convictions constitute double jeopardy under. Article 1,- Section 14 -of the Indiana Constitution and that his sentence is inappropriate.
I. Double Jeopardy
 Walton’s first argument is that his two SVF convictions fail the actual-evidence test under the double-jeopardy clause of the Indiana Constitution. “Under the actual-evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts.” Frazier v. State, 988 N.E.2d 1257, 1262 (Ind. Ct. App. 2013). “To find a double-jeopardy violation under this test, we must conclude that there is ‘a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used' to establish the essential elements of a second challenged offense.’ ” Id. (quoting Richardson v. State, 717 N.E.2d 32, 53 (Ind. 1999)). Here, the first SVF count was specifically based on the handgun found in the downstairs apartment, and the second count was specifically based on the handguns found in the upstairs apartment, and Walton gives us no reason to believe that he was actually convicted of the two counts based on the *682 same evidence, i.e., the same gun. Therefore, Walton’s double-jeopardy claim fails.
The dissent addresses an issue that Walton has not raised: whether multiple SVF convictions based on the simultaneous possession of multiple firearms are ever permissible under the SVF statute, Indiana Code section 35-47-4-5. The statute provides, in pertinent part, “A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Leyel 4 felony.” Ind. Code § 35-47-4-5(c). In Taylor v. State, we held that the General Assembly’s use of the singular “possesses a firearm” reflects its intent to allow a separate conviction for each firearm a serious violent felon possesses. 929 N.E.2d 912, 921 (Ind. Ct. App. 2010), trans. denied; see also Daugherty v. State, 52 N.E.3d 885, 892 (Ind. Ct. App. 2016) (citing Taylor for proposition that Section 35-47-4-5(c) “provides that each unlawful possession of a weapon is considered to be a separate and distinct act, and therefore each unlawful possession is a separate and distinct offense.”), trans. denied. The dissent concludes that Taylor was wrongly decided. We disagree.
If our legislature had intended to allow only a single possession conviction regardless of the number of firearms possessed, it could have used the phrase “possesses one or more firearms,” see State v. Stratton, 132 N.H. 451, 567 A.2d 986, 989 (1989), or “possesses any firearm,” see, e.g., United States v. Valentine, 706 F.2d 282, 292-94 (10th Cir. 1983), instead of “possesses a firearm.” It has thus far chosen not to do so. We also note that our interpretation of section 35-47-4-5(c) in Taylor is consistent with the way courts around the country have interpreted similar statutes. See, e.g., State v. Kidd, 562 N.W.2d 764, 765-66 (Iowa 1997) (collecting cases); Stratton, 567 A.2d at 989; State v. Gutierrez, 240 Ariz. 460, 381 P.3d 254, 260 (Ariz. Ct. App. 2016) (collecting cases, including Taylor), rev. denied; State v. Lindsey, 583 So.2d 1200, 1203-04 (La. Ct. App. 1991), unit denied. For these reasons and the other reasons stated in Taylor, Walton’s SVF convictions are .permissible under the language of the SVF statute.
 While we reject Walton’s challenge to his SVF convictions, we find, sua sponte, that one of his other convictions must be vacated to avoid a double-jeopardy violation. In relation to the search on May 11, Walton was convicted of one count of dealing in cocaine—possession with intent to deliver, based on the cocaine found in the downstairs apartment (Count XIII), and a separate count of possession of cocaine, based on the cocaine found in the upstairs apartment (Count XIV). However, this Court has held that a defendant cannot be convicted of two counts of drug possession (including possession with intent to deliver) based on two quantities of drugs simultaneously possessed in two closely related locations. Donnegan v. State, 809 N.E.2d 966, 974-75 (Ind. Ct. App. 2004) (possession on person, in residence, and in trash outside residence), trans. denied; see also Campbell v. State, 734 N.E.2d 248, 250-51 (Ind. Ct. App. 2000) (possession on person and in residence); Young v. State, 564 N.E.2d 968, 972 (Ind. Ct. App. 1991) (possession on person and in vehicle), aff'd on reh’g, trans. denied. Therefore, we must remand this matter to the trial court with instructions to vacate the judgment of conviction and the sentence on Count XIV.
II. Sentencing
 Walton also asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court “may revise a sentence authorized by statute if, after due consider *683 ation of the trial court’s decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.” Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. Schaaf v. State, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016). “Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case.” Thompson v. State, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).
Walton asserts that running the sentences for the drug-related convictions arising from the search on May 11 (dealing in cocaine, conspiracy to commit dealing in cocaine, and maintaining a common nuisance) consecutive to the sentence for the earlier controlled buys is inappropriate under Beno v. State, 581 N.E.2d 922 (Ind. 1991), and its progeny. We agree. In Beno, the defendant was convicted of two counts of dealing in cocaine and one count of maintaining a common nuisance after two controlled buys at his house, and the trial court ordered him to serve consecutive sentences on the three counts. On appeal, our Supreme Court held that “because the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate.” Id. at 924. More recently, in Eckelbarger v. State, the Court extended the Beno principle to hold that consecutive sentences were inappropriate for drug convictions arising' from two controlled buys and a subsequent search of the defendant’s home. 51 N.E.3d 169 (Ind. 2016). The Court reasoned that the sentences arising from the search should be served concurrently with the sentences arising from the controlled buys because the convictions arising from the search were “supported by evidence seized pursuant to a search warrant procured based on the dealing methamphetamine by delivery countsf.]” Id. at 170. In a case similar to Eckelbarger—drug convictions arising from two controlled buys and the resultant home search—this Court held that the principle that “the State may not ‘pile on’ sentences by postponing prosecution in order to gather more evidence ... applies equally to convictions arising from evidence gathered as a direct result of the State-sponsored criminal activity.” Williams v. State, 891 N.E.2d 621, 635 (Ind. Ct. App. 2008); see also Bell v. State, 881 N.E.2d 1080, 1087-88 (Ind. Ct. App. 2008), trans. denied.
Here, as in Eckelbarger and Williams, a series of controlled buys led to a search of Walton’s apartments. The controlled buys resulted in five dealing convictions, and the subsequent search resulted in additional drug-related convictions. Because these additional drug-related convictions are supported by evidence seized as a direct result of the controlled buys, we agree with Walton that running the sentences for any of them consecutive to the sentences for the controlled buys would be inappropriate.[2]
*684 Therefore, we remand this matter to the trial court for the imposition of a sentence of forty-two years: thirty-four years on Count IX (with the shorter sentences on the remaining drug-related convictions to run concurrently) and eight years on each of the SVF convictions, to run concurrently with one another but consecutive to Count IX (Walton acknowledges that his gun possession is distinguishable from his drug crimes and is not subject to the Beno/Eckelbarger principle). In making these changes, the trial court must also reduce the sentences for Count XIII (dealing in cocaine) and Count XV (conspiracy to commit dealing in cocaine) from twenty-four years to twenty-two years, so as to avoid any potential claim of error under the “episode of criminal conduct” statute, Indiana Code section 35-50-1-2.[3]
Affirmed in part and reversed and remanded in part.
Robb, J., concurs.
Bailey, J, dissents with separate opinion.

. During the sentencing hearing, the trial court made two errors with respect to the controlled-buy counts. First, it said that it was merging only four of the possession counts with their corresponding- dealing counts, instead of all five. Second, it said that it was imposing sentences for each of the possession counts, even though they were to be merged into the dealing counts. However, neither error is present in the trial court’s written Sentencing Order or the Abstract of Judgment, both of which indicate convictions and sentences for the dealing counts only. As such, there is nothing to be gained from remanding this matter to the trial court for further proceedings on this issue. The dissent suggests that merging the possession counts was an inadequate solution and that we should instruct the. trial court to “vacate” them, but our Supreme Court has made clear that merger is sufficient. Green v. State, 856 N.E.2d 703 (Ind. 2006) ("Where the court merges the lesser-included offense without imposing judgment, there is no need to remand on appeal to Vacate.’ ”); see also Carter v. State, 750 N.E.2d 778, 781 (Ind. 2001) ("[A] jury verdict on which the court did not enter judgment for one reason or another (merger, double jeopardy, etc.) is unproblematic[.]”).

. The State does not address Eckelbarger. It argues that Williams is distinguishable from this case because the buys and search in Williams took place over three days while the buys and search in this case spanned more than three months. The State does not cite any authority in support of its argument that the Beno rationale applies only when the events occur "within a few days of each other.” Appellee’s Br. p. 19. To the contrary, this Court has held that consecutive sentences are inappropriate for convictions arising from five controlled buys conducted over the course of two months. Hendrickson v. State, 690 N.E.2d 765 (Ind. Ct. App. 1998). The State also contends Walton’s conviction for maintaining a common nuisance "does not fall within the rationale of the Beno rule.” *684 Appellee’s Br, p. 18. As already noted, however, one of the sentences ordered concurrent by the Supreme Court in Beno was for maintaining a common nuisance.

. The version of Section 35-50-l-2(c) that was in effect when Walton committed his offenses provided that "the total of the consecutive terms of imprisonment to which the defendant is sentenced" for a non-violent episode of criminal conduct "shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." Ind. Code Ann. § 35-50-l-2(c) (West 2012). Here, the trial court found that the May 11 offenses constituted an episode of criminal conduct, so the total of the consecutive terms of imprisonment could not exceed thirty years, the advisory sentence for a Level 1 felony (the most serious offense on May 11 having been a Level 2 felony). The trial court correctly identified this thirty-year' cap and said that it was imposing a cumulative sentence of thirty years for the May 11 offenses, but it failed to impose individual, sentences that actually added up to thirty years. Instead, it indicated that it was imposing sentences of twenty-four years for dealing in cocaine, twenty-four years for conspiracy to commit dealing in cocaine, two years for maintaining a common nuisance, and eight years for each SVF conviction. Because the eight years on the SVF convictions run consecutive to the concurrent sentences on the drug-related convictions, including the sentences for the May 11 dealing and conspiracy, the latter sentences must be reduced to twenty-two years to reach the thirty-year cap.