# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2018, 8:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kristy L. Bowling,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 16, 2018

Court of Appeals Case No.
35A02-1709-CR-2134

Appeal from the Huntington Superior Court

The Honorable Jennifer E. Newton, Judge

Trial Court Cause Nos.
35D01-1610-F4-207
35D01-1708-F6-178

**Vaidik, Chief Judge.**

# Case Summary

[1] Kristy L. Bowling appeals her twenty-six-year sentence for Level 4 felony dealing in a narcotic drug, Level 5 felony dealing in a narcotic drug, Level 6 felony possession of a hypodermic syringe, and being a habitual offender, arguing that it is inappropriate. Although we affirm Bowling's sentence, we remand so that the trial court can correct the records to reflect that Bowling's fourteen-year habitual-offender enhancement is not a separate, consecutive sentence but rather is attached to her ten-year sentence for Level 4 felony dealing in a narcotic drug.

# Facts and Procedural History

[2] On December 2, 2015, Bowling sold hydromorphone hydrochloride to a confidential informant working for the Huntington Police Department. Six days later, Bowling sold 2.1 grams of morphine to a confidential informant. At the time of the transactions, Bowling had recently been released from the Department of Correction and was on probation. *See* Appellant's App. Vol. II p. 67; Tr. Vol. II p. 66.

[3] As a result of these transactions, in October 2016, the State, under Cause Number 35D01-1610-F4-207, charged Bowling with Level 4 felony dealing in a narcotic drug, Level 5 felony dealing in a narcotic drug, and being a habitual offender. Bowling posted bond in April 2017 (the record shows that Bowling gave birth in February 2017 and was not arrested until April, when "she had

ample time to heal from the birthing process," Tr. Vol. II p. 66). As a condition of her bond, Bowling was required to submit to random drug tests and to test negative. Appellant's App. Vol. II p. 43. Bowling thereafter twice tested positive for drugs, and the trial court issued a warrant for her arrest. *Id.* at 45.

[4] On August 2, 2017, Huntington Police Department Officers saw Bowling driving and stopped her to serve the arrest warrant. As officers approached her car, Bowling discarded a bag of syringes that she used to inject heroin and meth. As a result of this incident, the State, under Cause Number 35D01-1708-F6-178, charged Bowling with Level 6 felony possession of a hypodermic syringe.

[5] Thereafter, Bowling pled guilty as charged in both cause numbers. *See id.* at 51-52 ("There is **no plea agreement** offered to me in exchange for my plea of guilty" & "I have chosen to allow the Court to decide my sentence in all matters pending against me in the Huntington Superior Court"). At the sentencing hearing, Bowling's attorney conceded that she had "a very poor record," which included three felony convictions (operating a vehicle while intoxicated, trafficking with an inmate, and theft), two probation violations, and a bond revocation. Tr. Vol. II p. 54. However, defense counsel highlighted that Bowling was the main provider for her three children—two teenagers and a six-month-old baby. Defense counsel argued that although Bowling had pled guilty to dealing drugs, she was not "a drug dealer" but rather "an addict" who sold drugs as "a middle-man to feed [her] own addiction." *Id.* at 55; *see also id.* at 57 (arguing that Bowling was not at the "top of the chain"). Defense counsel

also noted that when Bowling learned she was pregnant in May 2016, "she got herself clean." *Id.* at 56.

[6] The trial court found no mitigators and three aggravators: (1) Bowling's criminal history, including three felonies and two probation violations; (2) Bowling committed the offenses in Cause No. F4-207 when she "had just recently been released from incarceration" and was on probation; and (3) after Bowling was arrested in Cause No. F4-207 and was out on bond, she continued using drugs. *Id.* at 69. As for Bowling's claim that she was an addict and had to sell drugs to feed her addiction, the trial court pointed out that she stopped using drugs when she was pregnant, which undercut her claim that she had to sell drugs because she was an addict. *Id.* at 68. Accordingly, for Cause No. F4-207, the trial court sentenced Bowling to ten years for Level 4 felony dealing in a narcotic drug, enhanced by fourteen years for being a habitual offender, and a concurrent sentence of five years for Level 5 felony dealing in a narcotic drug. For Cause No. F6-178, the court sentenced Bowling to two years for Level 6 felony possession of a hypodermic syringe. The court ordered the sentences in the two cause numbers to be served consecutively.

[7] Bowling now appeals her sentence.

# Discussion and Decision

[8] Bowling contends that her aggregate sentence of twenty-six years is inappropriate and asks us to reduce it "to the advisory sentence on each

charge, enhanced by the minimum habitual offender enhancement on the dealing conviction." Appellant's Br. p. 12. Pursuant to Indiana Appellate Rule 7(B), an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because we generally defer to the judgment of trial courts in sentencing matters, *Norris v. State,* 27 N.E.3d 333, 335-36 (Ind. Ct. App. 2015), defendants have the burden of persuading us that their sentences are inappropriate, *Thompson v. State,* 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* (citing *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008)).

[9] Here, in the two cause numbers, Bowling pled guilty to a Level 4 felony, a Level 5 felony, and a Level 6 felony, and she admitted that she was a habitual offender. A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two and twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. A person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. A person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two-and-a-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7. Finally, the court shall sentence a person found to be a habitual offender "to an

additional fixed term that is between . . . six (6) years and twenty (20) years, for a person convicted of murder or a Level 1 through Level 4 felony." Ind. Code § 35-50-2-8(i). In Cause No. F4-207, the trial court sentenced Bowling to ten years for the Level 4 felony, enhanced by fourteen years for being a habitual offender, and a concurrent sentence of five years for the Level 5 felony. In Cause No. F6-178, the trial court sentenced Bowling to two years for the Level 6 felony. The court ordered the sentences in the two cause numbers to be served consecutively. The sentences for the Level 4 and Level 5 felonies in Cause No. F4-207 were required to be served concurrently because they were nearly identical State-sponsored buys, *see Walton v. State*, 81 N.E.3d 679, 683 (Ind. Ct. App. 2017), and, as Bowling acknowledges on appeal, the sentences in the two cause numbers were required to be served consecutively because Bowling was on bond when she committed the offense in F6-178, *see* Ind. Code § 35-50-1-2(e)(2). Accordingly, Bowling faced a sentencing range of eight-and-a-half years to thirty-four-and-a-half years. The trial court sentenced her to twenty-six years.

[10]   There is nothing extraordinary about the nature of the offenses in the two cause numbers. Bowling twice sold drugs to a confidential informant and possessed a syringe.

[11]   Bowling's criminal history and failed attempts at rehabilitation, however, support her sentence. Bowling had recently been released from the DOC and was on probation when she sold drugs to a confidential informant. Then, while Bowling was out on bond for the dealing offenses, she twice tested positive for

drugs—violating the conditions of her bond—and committed a new offense, possession of a hypodermic syringe. She did these things although claiming to be the main provider for her children. As the trial court observed at sentencing, "I don't think that you care whether or not you use or whether or not you deal. I think that dealing may have helped feed your habit but I don't [think] that that's the only reason you were dealing." Tr. Vol. II p. 69. In short, Bowling has not taken prison time, probation, or bond seriously and continues to live her life using and dealing drugs despite the consequences to her and her children.

[12] Bowling claims that this case is like *Schaaf v. State*, 54 N.E.3d 1041 (Ind. Ct. App. 2016), where we found that the defendant's forty-year sentence for two counts of dealing in heroin to a confidential informant was inappropriate and revised it to thirty years. This case is distinguishable from *Schaaf* on many grounds, including that this case involves a habitual-offender enhancement that accounts for the majority of Bowling's twenty-six-year sentence. Bowling has failed to persuade us that her twenty-six-year sentence is inappropriate.

[13] However, we agree with Bowling that this case needs to be remanded because the trial court entered a separate, consecutive sentence for her habitual-offender status instead of attaching the enhancement to her ten-year sentence for Level 4 felony dealing in a narcotic drug. *See* Appellant's App. Vol. II pp. 73, 76. Indiana Code section 35-50-2-8(j) provides:

> Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive

sentence. The court shall attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced.

Therefore, we remand this case to the trial court with instructions to correct the sentencing order, the abstract of judgment, and the CCS in Cause No. F4-207 to reflect that Bowling's fourteen-year habitual-offender enhancement is attached to her ten-year sentence for Level 4 felony dealing in a narcotic drug.

[14] Affirmed and remanded.

May, J., and Altice, J., concur.