## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 04 2020, 7:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jennings Daugherty
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jennings Daugherty,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

March 4, 2020

Court of Appeals Case No.
19A-CR-1093

Appeal from the Wayne Superior Court

The Honorable Gregory A. Horn, Judge

Trial Court Cause No.
89D02-0901-FB-5

**Baker, Judge.**

[1]     Jennings Daugherty appeals the trial court's order denying his motion to correct error, arguing that the trial court cannot impose consecutive sentences for his two convictions for Class B felony unlawful possession of a firearm by a serious violent felon. Finding no error, we affirm.

# Facts

[2]     The following comes from this Court's memorandum decision on Daugherty's direct criminal appeal:

> [On May 26, 2007], Daugherty was charged with Class A misdemeanor carrying a handgun without a license, Class D felony intimidation, Class D felony operating a motor vehicle while intoxicated, Class D felony resisting law enforcement, and two counts of Class B felony possession of a firearm by a serious violent felon. The State further alleged that the Class A misdemeanor carrying a handgun charge should be enhanced to a Class C felony because Daugherty had a prior felony conviction. Daugherty was also alleged to be a habitual offender. On August 14, 2009, Daugherty filed a motion to suppress the evidence recovered following what he alleged was an illegal traffic stop by Captain Porfidio. The trial court denied Daugherty's motion to suppress on February 16, 2010, and subsequently denied his request that the ruling be certified for interlocutory appeal.
> During an April 9, 2010 pre-trial hearing, Daugherty waived his right to a jury trial and indicated that he would stipulate to being a habitual offender if convicted of the underlying crimes. Daugherty filed a second motion to suppress on April 13, 2010. Daugherty failed to appear on the morning of his April 19, 2010 bench trial, and the trial was conducted, over his counsel's objection, without Daugherty present. The State dismissed the resisting law enforcement charge. Upon reviewing the evidence presented by the parties, the trial court denied Daugherty's second motion to suppress and found Daugherty guilty of the remaining counts as charged.
> . . . Daugherty subsequently admitted to being an habitual offender.

At sentencing, the State moved to set aside the Class C felony carrying a handgun without a license conviction out of double jeopardy concerns. The trial court imposed a three-year sentence for the intimidation conviction that was to run concurrently to a one-and-one-half-year sentence for the operating while intoxicated conviction, but consecutively to the two consecutive fifteen-year sentences for each of the possession of a firearm by a serious violent felon convictions. The trial court enhanced Daugherty's sentence by an additional twenty years as result of his status as an habitual offender, for an aggregate fifty-three-year sentence.

*Daugherty v. State*, Cause No. 89A01-1010-CR-520, slip. op. at 2-3 (Ind. Ct. App. May 9, 2011). This Court ultimately affirmed Daugherty's convictions and sentence and held that "Daugherty's multiple convictions for possession of a firearm by a serious violent felon do not violate Indiana's prohibition against double jeopardy." *Id.* at 5.

[3]     Subsequently:

On October 29, 2012, Daugherty filed a *pro se* petition for post-conviction relief, which was amended by his counsel on July 15, 2014. On December 3, 2014, the parties jointly filed an Agreement to Vacate Daugherty's Habitual Offender Finding and Resulting Enhanced Sentence on Count V. On December 8, 2014, the trial court accepted the agreement and reduced Daugherty's aggregate sentence to 33 years. On July 8, 2015, the post-conviction court held an evidentiary hearing on Daugherty's petition for post-conviction relief. Daugherty's appellate counsel was the sole witness at the hearing. He testified that he raised four issues on appeal: (1) the trial court's denial of Daugherty's motion to suppress constituted an abuse of the court's discretion; (2) Daugherty's multiple convictions for possession of a firearm by an SVF [serious violent felon] violated the prohibition against double jeopardy; (3) the trial court erred in allowing the State to amend the habitual offender information; and (4) Daugherty's sentence was inappropriate. Out of these issues, in appellate counsel's

opinion, the double jeopardy violation and the inappropriateness
of Daugherty's sentence claims were the strongest arguments. He
testified that he did not consider raising a claim that the
consecutive sentences for two SVF convictions constituted an
impermissible double enhancement and a claim that Daugherty's
aggregate sentence exceeded the statutory limitation for
consecutive sentences arising out of a single episode of criminal
conduct. On September 3, 2015, the post-conviction court entered
its Findings of Fact and Conclusions of Law, denying the
requested relief.

*Daugherty v. State*, 52 N.E.3d 885, 889 (Ind. Ct. App. 2016). We held that

Daugherty was not denied the effective assistance of appellate counsel "when

counsel did not raise the double enhancement issue," but that he was denied the

effective assistance of appellate counsel "when counsel did not raise the issue of

statutory limitation for consecutive sentences arising out of a single episode of

criminal conduct." *Id.* at 895.

[4]     We affirmed in part, reversed in part, and remanded the matter to the trial court

for resentencing. We gave specific orders that Daugherty's "aggregate term [be]

limited to 30 years." *Id.* The trial court then issued its revised sentencing order

on September 16, 2016.[1] On March 12, 2019, Daugherty filed a motion to

correct error, arguing that the trial court could not impose consecutive

sentences for his two convictions for Class B felony unlawful possession of a

firearm by a serious violent felon, and that the trial court should revise his term

---

[1] The record before us does not include this September 16, 2016, sentencing order; thus, we are unaware of
the length and structure of Daugherty's revised sentence.

so that the two convictions would be served concurrently. The trial court denied Daugherty's motion on March 25, 2019. Daugherty now appeals.

# Discussion and Decision

Daugherty's sole argument on appeal is that the trial court erred when it denied his motion to correct error. We will reverse a trial court's denial of a motion to correct error only when its decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Scales v. Scales*, 891 N.E.2d 1116, 1118 (Ind. Ct. App. 2008). "The trial court's decision on a motion to correct error comes to us cloaked with a presumption of correctness, and the appellant has the burden of showing [that the trial court erred]." *Faulkinbury v. Broshears*, 28 N.E.3d 1115, 1122 (Ind. Ct. App. 2015).

Specifically, Daugherty contends that a trial court, in general, does not have statutory authority to impose consecutive sentences for his two unlawful possession of a firearm convictions. *See generally* Appellant's Br. p. 5.

Pursuant to Indiana Code section 35-38-1-15, "[i]f the convicted person is erroneously sentenced, the mistake does not render the sentence void. . . . A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence." In his memorandum of law, Daugherty argues that his "SVF convictions, for fifteen years each, were ordered to run consecutively, though, both previous and post precedents have indicated that contemporaneous SVF offenses should be run concurrently." Appellant's App. Vol. II p. 23.

[8]     However, Daugherty mischaracterizes Indiana law. There is no statute precluding trial courts from imposing consecutive sentences for these types of convictions. In fact, Indiana caselaw has repeatedly held that "[a] trial court may order consecutive sentences based on one valid aggravating factor." *Kayser v. State*, 131 N.E.3d 717, 723 (Ind. Ct. App. 2019); *see also Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012) (finding that "[o]ne valid aggravator alone is enough to enhance a sentence or to impose it consecutive to another[]"). And in Daugherty's original criminal trial, the trial court found Daugherty's "significant criminal history" dating back to 1984 to be an aggravator. Appellant's App. Vol. II p. 33. As such, Daugherty's significant criminal history was enough to justify the trial court's imposition of consecutive sentences for his two Class B felony convictions. *See, e.g.*, *Gleason*, 965 N.E.2d at 712 (holding that the severity of a defendant's criminal history alone is enough to justify the imposition of consecutive sentences).

[9]     Additionally, Daugherty's reliance on *Walton v. State* is misplaced. In *Walton*, this Court upheld, *sua sponte*, the trial court's imposition of consecutive sentences for the defendant's multiple convictions for unlawful possession of a firearm by a serious violent felon. 81 N.E.3d 679, 682 (Ind. Ct. App. 2017). This Court agreed with the holding in *Taylor v. State*, 929 N.E.2d 912, 921 (Ind. Ct. App. 2010), finding that the statutory language of Indiana Code section 35-47-4-5(c)—the unlawful possession statute itself—allows for the imposition of

consecutive sentences provided that each unlawful possession is a separate and distinct offense.[2]

[10]     Therefore, because the trial court was within its legal authority to impose consecutive sentences for his two Class B felony convictions, we find no error in the trial court's order denying Daugherty's motion to correct error.

[11]     The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.

---

[2] Further, the *Walton* Court ordered a sentence reduction for the defendant pursuant only to an Appellate Rule 7(B) appropriateness challenge, which this Court already considered and denied. *See Daugherty v. State*, Cause No. 89A01-1010-CR-520, slip. op. at 7.